————o————

ISHAM GILL, Appellant, vs. JOSEPH B. CLARK, et al., Respondents.

| 54 | 415 |
|----|-----|
| 97 | 410 |
| 54 | 415 |
| 39a | 345 |
| 54 | 415 |
| 146 | 571 |

1. *Equitable mortgage—Vendor's lien, etc.*—An instrument of writing not under seal, and not acknowledged, but otherwise in the shape of a mortgage, given by the vendor of land to secure the purchase money, has the same effect as a vendor's lien.

2. *Equity suits—Instructions in, improper.*—In equity suits, no declarations of law are proper, and if made will be disregarded by this court.

3. *Non-suit in equity will not bring law and fact up to the Supreme Court.*—A non-suit with leave to move to set it aside, will bring before the Supreme Court the questions of law and fact passed upon by the trial court, only when the non-suit is taken in a case at law. In equity cases, the court below must adjudicate upon the law and the facts, in order to bring them up on appeal or writ of error.

*Appeal from Adair Circuit Court.*

*J. M. DeFrance*, for Appellant.

I. The instrument, before it could convey any interest in the land or be any security, must be signed and sealed by the party making it. (Wagn. Stat., ch. 35, § 7.) Without a seal it is not binding between the parties. (Caldwell vs. Head, 17 Mo., 563 ; Moreau vs. Detchemendy, 18 Mo., 530.)

II. As to the law of vendor's liens and intentions to hold

the land as security in this State. (Delassus vs. Poston, 19 Mo., 425; Pemberton vs. Johnson, 46 Mo., 342.)

III. Taking a perfect mortgage on the land is no implied waiver of the lien. (Stafford vs. Van Rensallaer, 9 Cowen, 316; Davis vs. Cox, 6 Ind., 481; Tobey vs. McAllister, 9 Wis., 463; Boos vs. Ewing, 17 Ohio, 500.) Defendant Blair is the only person defending this suit, and it is overwhelmingly in proof not only that he knew of plaintiff's claim, but that he was to pay it off, as a part consideration to Clark for the land.

*Harrington & Cover*, for Respondents.

I. The instrument of writing made by Clark to Gill, although not under seal, is an equitable mortgage. (Davis vs. Clay, 2 Mo., 161; Tibeau vs. Tibeau, 22 Mo., 77; 2 Sto. Eq. [7 Ed.], § 1018.)

II. There is nothing in the point urged by appellant, that the mortgage must be under seal.

III. By the taking of the mortgage by plaintiff, (Gill) from defendant, Clark, to secure the payment of the note in question, plaintiff waived his vendor's lien. (Delassus vs. Poston, 19 Mo., 429.) It is a well settled principle of law, that the lien of a vendor is discharged by taking of any independent security, such as a deposit of stock, a pledge of goods, a mortgage on real or personal property, or the responsibility of a third person. (4 Kent Com., 153; 2 Sto. Eq. Jur., 475 n. 2; 2 Sugd. Vend., 59; Brown vs. Gilman, 4 Wheat., 255; Fish vs. Howland, 1 Paige, 20; Williams vs. Roberts, 5 Ohio, 39; Conover vs. Warren, 1 Gilm., 501; Sullivan vs. Ferguson, 40 Mo., 79; Durette vs. Briggs, 47 Mo., 356; Adams vs. Buchanan, 49 Mo., 64.) If the vendor does not intend to waive his lien, or there is an express agreement to retain it, he must show it by satisfactory proofs. (47 Mo., 356.)

ADAMS, Judge, delivered the opinion of the court.

This was an action to enforce a vendor's lien against lands held by the defendant, Blair, as a purchaser from the vendee.

The leading facts are that the plaintiff sold and conveyed the land, situated in Adair county, to the defendant, Joseph B. Clark, for $1,450, of which $800 was in hand paid, and a note for $650 given by Clark to the plaintiff for the balance. At the time of the execution of the deed to Clark, he executed to plaintiff an instrument of writing, not under seal, but in the shape of a mortgage on the same lands, to secure the unpaid note, which instrument was not acknowledged, but was spread upon the record in the Recorder's office of Adair county. The said Clark afterwards sold and conveyed the same lands to the defendant, Blair, who denies by his answer, that he had any notice of any part of the purchase money remaining unpaid to the plaintiff, and alleges that he was a *bona fide* purchaser for value without notice.

The case being an equitable one, was tried by the court, and evidence was given conducing to show that the defendant, Blair, had notice at the time of his purchase of the unpaid purchase money due to the plaintiff.

After hearing the evidence, the court took the case under advisement till a subsequent term, and at such subsequent term the judge intimated that his opinion on the facts and law was against the plaintiff, and thereupon the plaintiff asked declarations of law, which were refused, and which it is unnecessary to set out. The plaintiff then took a non-suit with leave to move to set it aside, and did make this motion which was overruled, and he has appealed to this court.

A vendor's lien for the payment of this money undoubtedly existed in favor of the plaintiff, unless he had waived the lien, or unless the defendant was a *bona fide* purchaser for value and without notice.

There seem to be no facts upon which to predicate a waiver of the lien. The alleged instrument of writing, pledging the lands for payment of the note, was not a legal, but merely an equitable mortgage. It is precisely in effect the same sort of a lien as a vendor's lien. It does not convey back to the vendor the legal title, but transfers the equity to be held for the payment of the unpaid purchase money. It is in substance an

27—VOL. LIV.

acknowledgment that a vendor's lien is held to secure the unpaid note. The foreclosure of the vendor's lien would in effect be a foreclosure of this equitable mortgage. Then how could that equitable mortgage be a waiver of a lien, where it may be treated as identical with such lien?

1. If it had been given on entirely different lands the question of waiver might have arisen.

2. From the facts presented by this record, I think there was evidence that the defendant, Blair, had notice of the lien when he purchased the lands, and these lands were therefore liable to this lien.

3. But the plaintiff did not let the court pass upon the case so as to bring it before us for review. In equitable suits no declarations of law can be made, and if made, will be disregarded in this court.

The plaintiff by taking a non-suit, in effect, voluntarily dismisses his petition without prejudice. A non-suit with leave to move to set it aside can only be taken in a case at law so as to bring before us the question of law and fact passed on by the court. In suits in equity, the court below must be allowed to adjudicate on the facts and law so as to authorize us to pass upon them on appeal or writ of error.

And in such suits this court will examine into all the evidence, and decide the case according to the preponderance of testimony and the law arising thereon.

Under this view the judgment must be affirmed. The other judges concur.