SACHSE, *Appellant*, v. CLINGINGSMITH *et al.*

1. **Practice in Supreme Court**: NON-SUIT. Where the rulings of the lower court are such as to entirely preclude a finding for plaintiff, the supreme court will review proper exceptions thereto, after non-suit with leave, and an unsuccessful effort to have the alleged errors corrected in the trial court. ( *Gill v. Clark*, 54 Mo. 415, *overruled* ).

2. **Execution**: JUDGMENT OF JUSTICE OF THE PEACE: STATUTE. Under Revised Statutes, section 2999, it is only when defendant is a resident of the county that a prior return of *nulla bona* on an execution issued by a justice of the peace is necessary before an execution may issue from the circuit court on a transcript of the justice's judgment.

3. ——: ——: COLLATERAL ATTACK. Where a judgment of a justice of the peace is regular on its face and a sheriff's deed recites the issuing of an execution from the circuit court upon a transcript of such judgment, it will be presumed, in the absence of any showing to the contrary, that such execution was properly issued. The validity of the proceedings under such execution cannot be assailed collaterally for reasons outside the record when no want of jurisdiction appears on the face of the papers in the circuit court.

*Appeal from Cape Girardeau Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED AND REMANDED.

*Linus Sanford* for appellant.

(1) The sheriff's deed was regular, and was *prima-facie* evidence of the facts there instated, and the circuit court committed error in excluding the same. *Carpenter v. King*, 42 Mo. 219 ; *Perkins v. Quigley*, 62 Mo. 498 ; *Waddel v. Williams*, 50 Mo. 216. (2) The transcript of the judgment, and the record thereof, were both competent and relevant testimony, and the court erred in

excluding them. *Ruby v. Railroad*, 39 Mo. 482 ; *Transe v. Owens*, 25 Mo. 334 ; *Coonce v. Munday*, 3 Mo. 264 ; *Burke v. Miller*, 46 Mo. 262, and cases *supra*. (3) The certified copy of the execution issued by the justice of the peace, together with the return of the constable, were competent evidence, and the court erred in excluding them. Cases *supra*. An investigation of the record in this case will show that every step in the proceedings of the justice and the constable are regular, except the justice's attempts to show facts in his certificate to the transcript that should occur in the record. But this was corrected by obtaining a certified copy of the execution itself, with the return of the constable endorsed thereon, which our courts in so many cases have held sufficient. Then following this, the deed is perfect.

*R. B. Oliver* for respondents.

(1) As execution creditor and purchaser, plaintiff is chargeable with all irregularities and omissions. In contemplation of law, he is not a *bona-fide* purchaser. He pays nothing. His position is very different from that of a stranger. Rorer on Judicial Sales ( 2 Ed.) p. 336, sec. 864 ; *Harrison v. Doe*, 2 Blackf. 1. ; *Bank v. Flagg*, 31 Ill. 290 ; *Twogood v. Franklin*, 27 Iowa, 239 ; *Gatt v. Powell*, 41 Mo. 420 ; *Vogler v. Montgomery*, 54 Mo. 577. (2) The circuit clerk has no authority to issue an execution upon the filing of the transcript of a judgment, where the transcript shows ( as this one does ) that the defendant was served by summons, in Applecreek township, in said county, until an execution shall have been issued by the justice, directed to the constable of the township in which the defendant resides, and returned, that the defendant had no goods or chattels whereof to levy the same. R. S., sec. 2999 ; Freeman on Executions, p. 16, sec. 14 ; *Coonce v. Munday*, 3 Mo. 374 ; *Burke v. Flournoy*, 4 Mo. 117 ; *Murry v. Lafteen*, 15

Mo. 353; *Carr v. Youse*, 39 Mo. 353; *Lindeman v. Edson*, 25 Mo. 105. (3) It will be remembered that the offering of plaintiff was the transcript made by the justice himself, and not a copy of the record required to be made by the circuit clerk, nor was it the record made by the circuit clerk. (4) As a purchaser under execution he must produce the judgment and writ of execution. Therefore the execution was properly excluded. *Wright v. Crockett*, 7 Mo. 125; *Dorneron v. Williams*, 7 Mo. 138; Bump on Fraud. Conv. (2 Ed.) p. 468. (5) A nonsuit with leave to move to set it aside will bring before the supreme court the question of law and facts passed upon by the trial court, only when the non-suit is taken in a case at law. In equity cases the court below must adjudicate upon the law and facts in order to bring them up on appeal or writ of error. *Gill v. Clark*, 54 Mo. 415; *Conn v. Ferree*, 60 Mo. 17.

BARCLAY, J.—This is a suit to set aside a deed alleged to be fraudulent, and an interference with plaintiff's claim of title to certain land.

The pleadings need not be recited at length.

The petition presents the theory of plaintiff's ownership of the land in question by virtue of a purchase at an execution sale under certain proceedings (the nature of which will fully appear later); that the execution debtor had made a fraudulent voluntary conveyance to one of the other defendants to hinder and delay creditors, especially plaintiff. This conveyance the court is asked to set aside.

The answer, besides a general denial, contains a special defense, asserting an equitable title in one of defendants ante-dating plaintiff's present claim. The reply takes issue with the new matter in the answer.

At the trial, the plaintiff offered in evidence the sheriff's deed under which he claimed. It contained the usual recitals of levy and sale, and apt words

of description and conveyance of the land in dispute. It also recited the following, viz.: " Whereas, Theodore Sachse, on the twenty-eighth day of October, 1882, before F. H. Welteke, Esq., a justice of the peace within and for Applecreek township, in Cape Girardeau county, state of Missouri, recovered against Nancy Welty forty-five dollars, for debt and damages, and the sum of four dollars and forty cents for costs, upon which judgment an execution was issued and directed to the constable of Applecreek township against the goods and chattels of Nancy Welty, which execution was returned not satisfied, as appears from a transcript of the judgment aforesaid, filed in the office of the clerk of the circuit court, on the thirteenth day of March, A. D., 1883, upon which transcript of judgment an execution issued from the clerk's office of said court in favor of said Theodore Sachse and against said Nancy Welty, dated the thirteenth day of March, A. D., 1883, directed to the sheriff of Cape Girardeau county, and the same was to me delivered on the thirteenth day of March, 1883, by virtue of which said execution, I, the said sheriff, did, on the thirteenth day of March, A. D., 1883, levy upon," etc.

This deed was duly acknowledged. But the court (on objection) excluded the instrument. Plaintiff then offered a certified copy of the transcript of the justice's judgment on file in the circuit clerk's office. This copy recited the docket entries in the cause, including the judgment in favor of plaintiff. The certificate to the transcript was as follows: "I, F. H. Welteke, a justice of the peace, within and for Applecreek township, in Cape Girardeau county, Missouri, do certify that the above is a true and correct transcript of the judgment as by me rendered, in the above entitled cause. And I further certify that an execution was issued on the above judgment, on the twenty-eighth day of October, 1882, directed to the said

constable of Applecreek township, returnable in ninety days, and that the same was to me returned on the twenty-ninth day of January, 1883, not executed, and endorsed by said constable, 'not satisfied, because no goods or chattels could be found of the defendant, Nancy Welty, whereon to levy the same.' Given under my hand this March 8, 1883. F. H. WELTEKE, Justice of the Peace.

"Recorded March 13, 1883. H. R. ENGLISH, Circuit Clerk."

Except the recital in this certificate, no statement of the issue and return of the justice's execution appeared in, or with the transcript.

The court rejected this offer.

Plaintiff then offered a certified copy of the execution issued by the justice on his judgment with the *nulla bona* return thereon, but this also was ruled out.

Plaintiff then gave testimony tending to show that a like copy, to that already offered, had been delivered with the justice's transcript to the circuit clerk, before the issue of the circuit court's execution ; and defendant gave evidence tending to disprove that fact.

This was all the evidence.

Plaintiff then took a non-suit with leave, having saved exceptions to all the adverse rulings.

After an unsuccessful motion to take off the nonsuit he appealed to this court.

A non-suit with leave is not, strictly speaking, an appropriate mode to secure a review of exceptions in a suit of this nature. Indeed, it has been expressly ruled that it cannot be resorted to. *Gill v. Clark*, 54 Mo. 415. But a majority of the court are averse to adhering to that ruling. The distinction it makes is regarded as of form rather than of substance and one that should now be abandoned. It is thought best to treat all civil

actions alike in this regard. Where the rulings of the court are such as to entirely preclude a .finding for plaintiff, we will review proper exceptions thereto after non-suit with leave and an unsuccessful effort to have the alleged errors corrected in the trial court. In the case at bar, the documentary evidences to support plaintiff's title were all excluded. They were essential to his case. We shall hence consider the correctness of the rulings concerning them.

The statute relating to the issue, and enforcement of executions upon transcript judgments from justices of the peace has given the courts some difficulty in its construction. The decisions interpreting it are not altogether harmonious. One cause explanatory of differences in the conclusions reached in them has not been specially remarked upon. It is the change in the phraseology of the law from that construed in the early decisions on this subject. The part of Revised Statutes, section 2999, that governs the present discussion is as follows: "But no execution shall be sued out of the court where the transcript is filed, *if the defendant is a resident of the county*, until an execution shall have been issued by the justice, *directed to the constable of the township in which the defendant resides*, and returned that the defendant had no goods or chattels whereof to levy the same."

The words we have italicized were not a part of the statute when some of the decisions in Missouri on the effect of these executions were rendered.

We are only called upon now to construe the existing law. It is, therefore, not necessary to review, or attempt to harmonize decisions based on the wording of any former statute. We merely indicate the change that has occurred.

Under the present law, execution may issue, in some instances, from the circuit court on transcripts of justices' judgments without a prior return of *nulla bona*

on the justice's execution.   It is only when "defendant is a resident of the county" that such a return is necessary.   The justice's transcript offered in evidence in this case shows a judgment regular on its face.   The sheriff's deed recited, among other things, the issue of execution from the circuit court upon the transcript of that judgment.   The recitals in that deed are *prima facie* evidence, under our law, of the facts required to be stated therein.   R. S., sec. 2392.   In the absence of any showing to the contrary it will be presumed that the execution was properly issued from the circuit court.   If facts exist, outside the record, which make its issue illegal, any party injured by proceedings under it might have such proceedings vacated by taking appropriate and seasonable steps directly attacking it.   But the validity of proceedings under such an execution cannot be assailed collaterally, for reasons outside the record, no want of jurisdiction appearing, or other cause invalidating the judgment.   This was the view taken of the present law by this court in a recent opinion (*Perkins v. Quigley*, 62 Mo. 498), and we adhere to it.

It follows that the objections to the sheriff's deed and to the copy of the justice's transcript should have been overruled by the trial court.

The copy of the justice's execution and return thereon would have been unnecessary and merely cumulative, at the stage of the case when offered (in view of what has been said in this opinion), if the other papers mentioned had been admitted in evidence as they should have been.

The judgment of the circuit court is reversed and the cause remanded, the costs of this appeal and of the former trial to abide the final result of the litigation. All the judges concur.