Kennedy v. Ballard.

EVA R. KENNEDY AND R. F. KENNEDY, Appellants, v. JESSE BALLARD, Respondent.

St. Louis Court of Appeals, February 18, 1890.

1.   Practice, Appellate: NON-SUIT IN SUIT IN EQUITY. When the rulings of the trial court in an equity case are such as to entirely preclude a finding for the plaintiff, and a non-suit with leave to move to set it aside is taken, and the trial court on such motion refuses to set aside the non-suit, the rulings of the trial court can be reviewed on appeal.

2.   ———— : REVIEW OF RULING ON TENDER OF PROOF. This court holds an exception by the plaintiff to an adverse ruling of the trial court on a tender of proof insufficient, because the evidence, if admitted, would, at most, have established a claim in a third person, and no proof was made, or tendered, of the assignment of such claim to the plaintiff.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*F. S. Heffernan*, for the appellants.

In an action brought by a husband and wife, which affects the interests of the wife's real estate, the husband is not disqualified as a witness. His marital right in the property gives him such an interest as entitles him to testify on his own behalf. It is not material that his testimony will necessarily affect his wife's interest. *Steffen v. Bauer*, 70 Mo. 399. He was competent to testify. *Fugate v. Pierce*, 49 Mo. 441; *O'Brien v. Allen*, 95 Mo. 60; *Harriman v. Stower*, 57 Mo. 93; *Haerle v. Kriehn*, 65 Mo. 202; *Bell v. Railroad*, 86 Mo. 599; *Dunifer v. Jecko*, 87 Mo. 282; *Wilcox v. Todd*, 64 Mo. 388; *Buck v. Ashbrook*, 51 Mo. 539. A contract or covenant between the adjoining lands to build a party wall, one-half to be on each lot, creates an easement and is a covenant running with the land and extends to the assignee or grantee. *Keating v. Korfhage*, 88 Mo. 524; *Sharp v. Eathan*, 88 Mo. 498; *Miller v. Noonan*, 12 Mo. App. 370; Washburn on Real Estate, 284–286; *Savage v. Mason*, 57 Mass. 500; *Maine v. Cumston*, 98 Mass. 317; *Standish v. Lawrence*, 111 Mass. 317; *Richardson v. Tobey*, 131 Mass. 457. Such agreement is binding and creates an equitable charge or easement and servitude upon the lots built on. *Keating v. Korfhage*, 88 Mo. 524; *Gibson v. Holding*, 1 West. Rep. 677; *Hulling v. Chester*, 19 Mo. App. 607. The effect of such an agreement is to create cross-easements binding on all persons acquiring the estates to which the easements are appurtenant. *Roach v. Ullman*, 104 Ill. 11; *Columbia College v. Lynch*, 70 N. Y. 440; *Rindge v. Baker*, 57 N. Y. 209.

*Silsby & Buckley*, for the respondent.

In an equity suit the plaintiff cannot take a nonsuit with leave to move to set same aside and appeal

upon a refusal. Thompson on Trials, sec. 2234; *Hesse v. Ins. Co.*, 21 Mo. 93; *Gill v. Clark*, 54 Mo. 415; *Atchison County v. De Armond*, 60 Mo. 19. This suit is on an alleged special contract between R. F. Kennedy and defendant, which is alleged to have been assigned by him to his wife, his co-plaintiff. It will be observed that there is no proof or offer of proof of an actual assignment by R. F. Kennedy to his wife. Hence, she could not in any event recover on this contract as alleged in the petition. R. F. Kennedy, being the husband of Eva'R., and being only a formal party and not having acted as her agent (not having married her for three years after the alleged contract), was incompetent as a witness. 1 Greenleaf on Evidence, secs. 334, 335, 336; *Brinsmade v. Groll*, 14 Mo. App. 444; *Swift v. Martin*, 19 Mo. App. 488; *White v. Chaney*, 20 Mo. App. 389; *Waddle v. McWilliams*, 21 Mo. App. 298; *Holman v. Bachurs*, 73 Mo. 49; *Joice v. Branson*, 73 Mo. 28; *Wheeler, etc., Co. v. Tinsley*, 75 Mo. 458; *Haerle v. Kreihn*, 65 Mo. 202.

BIGGS, J., delivered the opinion of the court.

The plaintiffs sue in equity, and seek to recover from the defendant the value of a partition wall, and to have the ascertained value thereof declared a lien on the property of the defendant on which the wall was partly built.

The plaintiffs in their petition allege that R. F. Kennedy, prior to his marriage with Eva R. Kennedy, was the owner of a certain lot in the city of Springfield, and the defendant was the owner of an adjoining lot; that R. F. Kennedy, being desirous of erecting a four-story brick hotel on his lot, made a contract with the defendant in which the parties agreed that Kennedy, in constructing his hotel, might build a partition wall between their respective lots; that the wall was to be thirteen inches thick, and was to be constructed so as to make the dividing line between the lots the center of

the wall, and each party was to pay one-half of the cost of the construction ; that, in pursuance of this contract, Kennedy built the wall at a total cost of eight hundred and eighty dollars and fifty cents ; that the defendant has only paid fifty dollars of his share of the cost, and refuses to pay the remainder. It is then alleged that subsequently the plaintiffs married, and the plaintiff Eva R. Kennedy became the purchaser of the hotel property, under a deed of trust given in 1883, by one Walter Mitchell, who, at that time, was the owner of the property ; that, after the purchase by Eva R. Kennedy, her husband assigned to her his right of action against the defendant for the balance due on account of the construction of the partition wall.

The answer of the defendant was a general denial.

On the trial of the cause the plaintiffs read in evidence a trustee's deed to Eva R. Kennedy, dated on the twenty-first day of May, 1887, by which the hotel lot was conveyed to her. The deed recited that the sale of the lot was in pursuance of the provisions of a deed of trust executed by Walter Mitchell on the twenty-seventh day of April, 1883, to secure one J. P. Clough in the payment of certain indebtedness therein described. The plaintiffs' attorney then offered to prove by R. F. Kennedy the following : "That he entered into a verbal contract with the defendant Jesse Ballard in 1884 that he should build a wall on the lot described in the petition on the north side of the building; that, under that verbal contract, Mr. Kennedy (witness) proceeded to erect that party wall, and that he did erect the first story of it, and that Mr. Ballard (defendant) then paid for one-half of the foundation; then he refused to pay anything for the upper three stories; that plaintiff wrote to him in relation to the matter; and he received in reply to that letter this letter we offer in evidence here; that he had several subsequent interviews with defendant; that

Kennedy v. Ballard.

defendant told him to go ahead and build the wall and he would pay, when completed, his undivided one-half, as he had on the first story; that plaintiff did proceed to build it under their contract, and paid the total sum of eight hundred and eighty dollars and fifty cents; that there is still three hundred and ninety dollars and twenty-five cents due, with eight per cent. interest, since May 1, 1885, date of completion of said wall; and that, during the progress of that wall, Mr. Ballard was frequently there and instructed the mechanics and assisted in superintending; that, after the building was up, defendant then positively refused to pay any more. We also offer to prove that this (wall) was built six and one-half inches on Mr. Ballard's ground, and that the foundation is built nine inches on Mr. Ballard's ground." The court, on the defendant's objection, ruled that R. F. Kennedy was an incompetent witness, and would not permit him to testify. The plaintiff then submitted to a voluntary non-suit with leave to move to set it aside. The letter referred to in the above offer of proof was as follows :

"FAIR GROVE, MISSOURI.

" *R. F. Kennedy, Springfield.*

" DEAR SIR:—If you want to complete your building I will grant you a lease of the land necessary for the division wall as now started, with the understanding that at any future time by the payment of the contract price, with eight per cent. interest, I shall become the owner of one-half of the said wall.

"Respectfully yours,

"JESSE BALLARD."

This was all of the material evidence offered by the plaintiffs. The court refused to set aside the voluntary non-suit, and the plaintiffs have brought the case to this court by appeal.

There is an objection raised by the defendant which we must determine first, as it challenges the right of plaintiffs to have their case reviewed in this court. It

is insisted that a non-suit with leave to move to set it aside can only be taken in an action at law, so as to bring before an appellate court for review questions of law and fact. That a non-suit in a chancery case is equivalent to a dismissal of the bill without prejudice, and that, before an appellate court can review an equity case, the trial court must be allowed to pass on the law and facts.

This has been the recognized rule of practice in this state, and was expressly so decided in the case of *Gill v. Clark*, 54 Mo. 415, but in the recent case of *Sachse v. Clingingsmith*, 97 Mo. 406, the supreme court decided that, when the rulings of the trial court in an equity case are such as to entirely preclude a finding for the plaintiff, the appellate court will review exceptions after a non-suit with leave, and after an unsuccessful effort to have the trial court correct the errors.

The plaintiffs assign for error the action of the court in refusing to allow the plaintiff R. F. Kennedy to testify. Their position is that, in actions affecting the wife's real estate, the husband by reason of his marital rights has such an interest as entitled him to testify in his own behalf. The difficulty about such a view is that this action does not concern the real estate of the wife. It is a suit in equity for money, in which the plaintiff Eva R. Kennedy seeks to recover a judgment against defendant, and to enforce a special lien against *his* lot for one-half of a partition wall. This right of recovery is based on an alleged parol contract between R. F. Kennedy and the defendant, and on an assignment of the right of action under this contract by R. F. Kennedy to his wife. This action, it may be said, affects the defendant's land, but we cannot conceive how it can possibly affect the land of the wife.

But, aside from this, if the testimony of R. F. Kennedy had been admitted, the proof would have been insufficient to establish a cause of action in favor of the wife. If the parol contract mentioned in the

offer is valid for any purpose, it afforded the basis of an equitable action for contribution in favor of R. T. Kennedy and against the defendant. *Sharp v. Cheatham*, 88 Mo. 498; *Campbell v. Mesier*, 4 Johns. Ch. 334; *Rindge v. Baker*, 57 N. Y. 209; *Sanders v. Martin*, 2 Lea (Tenn.) 213. But, to entitle the plaintiff Eva R. Kennedy to a judgment based on this right of action, it was necessary to prove, or offer to prove, an assignment of the right of action to her by her husband. The record fails to show any proof or offer to prove this fact. It cannot be held that Mrs. Kennedy succeeded to the rights of her husband under this parol contract through or by means of her purchase, for two reasons : (1) The petition and offer of proof show that the right to demand and receive one-half of the cost of the wall was personal to R. F. Kennedy. If the agreement had been that the defendant should pay for one-half of the wall whenever he should make use of it, then the right to demand and sue for it would pass with the land, and would become complete in the person owning the hotel lot at the commencement of the use by the defendant. (2) There is nothing in the record tending to prove that R. F. Kennedy ever had any title or interest in the hotel lot.

Our conclusion leads inevitably to an affirmance of the judgment. All the judges concur