GREENE COUNTY BANK, *Plaintiff in Error*, v. GRAY.

Division One, December 8, 1898.

1. **Appeals:** VOLUNTARY NONSUIT. A plaintiff who has voluntarily taken a nonsuit in the circuit court, in either an action at law or an equity case, has no appeal.

2. ———: ———: CASE STATED. Plaintiff in the first count in his petition sued in ejectment for possession of certain lands, and in his second count prayed that certain deeds to defendant be set aside because made to hinder and defraud the creditors of the grantor. At the trial, the cause being submitted to the court, the court after hearing all the evidence expressed the opinion that the law was for defendant. The record states that plaintiff then took "an involuntary nonsuit with leave to move to set the same aside." *Held*, that the plaintiff has no appeal; that the mere calling of the nonsuit "involuntary" in the record, did not make it such, but in order for the nonsuit to be involuntary, plaintiff must be constrained to take his nonsuit by some adverse ruling of the court which precludes his recovery.

*Error to Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*C. V. Buckley* and *F. S. Heffernan* for plaintiff in error.

*Lincoln & Lydy* for defendant in error.

BRACE, P. J.—The petition in this case is in two counts. The first is in ejectment in common form, to recover the possession of certain real estate therein

described, situate in the city of Springfield, in Greene county, Missouri.

The second count is in the nature of a bill in equity to cancel and set aside three deeds executed by Parce and Burlingame, conveying said real estate to the defendant Charles M. Gray, bearing date the eleventh day of July, 1893, and on the same day duly acknowledged and filed for record in the office of the recorder of deeds of said county, but which deeds it is alleged were so executed, acknowledged and filed for record with the intent to hinder, delay and defraud the creditors of the said Parce and Burlingame, and were never delivered to or accepted by the defendant. That afterwards on the twelfth day of July, 1893, the plaintiff, to whom the said Parce and Burlingame were indebted in the sum of $12,550, caused a writ of attachment to be levied on said real estate in an action against them to recover such indebtedness; in pursuance of the judgment in which action, sustaining the attachment, the said real estate was sold and plaintiff became the purchaser, and received a deed therefor from the sheriff. Issue was joined on both counts of the petition, and on the third of April, 1894, the cause coming on for trial in the circuit court, was disposed of in the following manner: "Now at this day come parties plaintiff and defendant, by their respective attorneys, and this cause coming on to be heard, the said parties announce ready for trial. Thereupon issue being joined, and a jury waived by consent, this cause is submitted to the court for hearing, whereupon the trial begins and after hearing all the evidence, the court having expressed the opinion that the law was for the defendant, and plaintiff could not recover on either count, of its petition, plaintiff takes an involuntary nonsuit, with leave of the court to move to set aside the same. Whereupon it is considered adjudged and ordered that plaintiff take

nothing by its suit herein, but that the same be and is hereby dismissed and that the defendant Chas. M. Gray have and recover of and from the plaintiff Greene County Bank all costs in this suit laid out and expended, for which execution may issue." Afterwards on the sixth of April, 1894, plaintiff filed its motion for a new trial, and to set aside nonsuit, which coming on to be heard on the seventh of April, 1894, was overruled and plaintiff excepted. Thereupon plaintiff filed affidavit for appeal to the Supreme Court. The appeal was granted and plaintiff given ninety days within which to file its bill of exceptions, and the bill was filed on the eigthteenth of May, 1894. No steps seem to have been taken to bring the record here upon this appeal, but afterwards the same was brought here upon writ of error sued out on the fifteenth of January, 1896, returnable to the April term, 1896, of this court.

By statute the plaintiff is permitted "to dismiss his suit, or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward." R. S. 1889, sec. 2084. This court entertains jurisdiction to review the action of the circuit court in such cases, only when the circuit court upon the trial of the cause decides questions which cover the plaintiff's case, precludes a recovery and obliges him to submit to a nonsuit. It can not interfere in cases where parties voluntarily or needlessly takes a nonsuit. *Schulter v. Bockwinkle*, 19 Mo. 648; *Dumey v. Schoeffler*, 20 Mo. 324; *Sone v. Palmer*, 28 Mo. 539; *Gentry Co. v. Black*, 32 Mo. 542; *Layton v. Riney*, 33 Mo. 87; *Poe v. Dominic*, 46 Mo. 113; *Koger v. Hays*, 57 Mo. 329. When a voluntary nonsuit is taken the plaintiff abandons his action and from the judgment entered upon it no appeal will lie. *Chouteau v. Rowse*, 90 Mo. 191. In *Kirby v. Bruns*, 45 Mo.

234, it was held that where a suit involving legal and equitable proceedings was had before a jury, and plaintiff voluntarily took a nonsuit of the case without submitting the equity branch to the court at all, this court will not relieve him. And in *Gill v. Clark*, 54 Mo. 418, it was held that "a nonsuit with leave to move to set it aside can only be taken in a case at law, so as to bring before us the question of law and fact passed on by the court. In suits in equity, the court below must be allowed to adjudicate on the facts and law, so as to authorize us to pass upon them on appeal or writ of error." In *Sachse v. Clingingsmith*, 97 Mo. 406, the ruling in the latter case as to equity suits was disapproved, the court, speaking through BARCLAY, J., saying: "It is thought best to treat all civil actions alike in this regard. Where the rulings of the court are such as to entirely preclude a finding for plaintiff, we will review proper exceptions thereto after nonsuit with leave and an unsuccessful effort to have the alleged errors corrected in the trial court. In the case at bar, the documentary evidences to support plaintiff's title were all excluded. They were essential to his case. We shall hence consider the correctness of the rulings concerning them." So that while there now may be an involuntary nonsuit in equity cases from a refusal to set aside which appeal may be taken or writ of error will lie, as in actions at law, yet the nonsuit must be involuntary. To simply call it by that name will not make it involuntary. The plaintiff must be constrained to take his nonsuit by some adverse ruling of the court on the trial, which precludes a recovery in the case. No such adversary ruling was made in this case, but on a mere expression of opinion by the court that the law of the case was with the defendant and an intimation that if the case was submitted the finding would be for the defendant upon both counts of the

petition, the plaintiff declined to permit the case to go to adjudication and took a nonsuit. Such a nonsuit is necessarily voluntary and the court committed no error in refusing to set it aside. The whole burden of plaintiff's complaint here, is that if the court *had ruled* as it intimated *it would rule* if the case was submitted, the court *would have committed error.* The plaintiff prevented the court from committing the very error of which it complains, by taking a nonsuit, and now asks us to convict the court of an error which it never committed. This of course we can not do. We are here, not for the purpose of trying hypothetical cases or reviewing the opinions of circuit judges, but their actual rulings as courts in given cases. The judgment of the circuit court is affirmed. All concur.