## KELLY-GOODFELLOW SHOE COMPANY, Respondent, v. VAIL BROS., Defendant; W. W. PRICKETT, Interpleader, Appellant.

### Kansas City Court of Appeals, April 2, 1900.

1. **Fraudulent Conveyances:** POSSESSION: FAIR PRICE: BILL OF SALE. Where a vendee pays a fair price and takes a bill of sale and goes into open possession before the levy of an attachment, he has *prima facie* title which can only be defeated by proof of fraud.

2. ———: VENDOR'S FRAUD: VENDEE'S KNOWLEDGE: EVI-
DENCE. Though a vendee may know his vendor to be insolvent this
knowledge does not affect his right to purchase. A volunteer purchas-
er will not be protected if he knows his vendor's intended fraud, but
mere knowledge of the facts calculated to put one on inquiry is not
enough. Evidence here reviewed will not warrant a peremptory
instruction against a vendee's title though it has a tendency to show
his endeavor to protect himself against attacks by the vendor's cred-
itors.

3. **Appeals:** VOLUNTARY NONSUIT: RULING ON DEMURRER.
An appeal will not lie from a voluntary nonsuit; but where the rec-
ord shows the presentation of a demurrer to the evidence and the
court's announcement to plaintiff's counsel that he would sustain the
same and thereupon the counsel objected and excepted and took a
nonsuit with leave, the nonsuit is not voluntary and an appeal will
lie.

4. ———: FINAL JUDGMENT: ABSTRACT: APPELLATE PRAC-
TICE. Though appellant's abstract does not show an entry of a
final judgment, yet if the respondent sets out such judgment in
his additional abstract it is sufficient.

5. **Appellate Practice:** ABSTRACTS OF THE EVIDENCE. If re-
spondent's abstract sets out the evidence claimed to be omitted in ap-
pellant's it is sufficient to permit the appellate court to consider a
demurrer to the evidence.

Appeal from the Macon Circuit Court.—*Hon. Nat M.
Shelton,* Judge.

REVERSED AND REMANDED.

*R. S. Matthews, Otho F. Matthews* and *Ben Eli Guthrie*
for appellant.

(1) Fraud is a question for the jury. Frankenthal v.
Goldstein, 44 Mo. App. 189; Potter v. McDowell, 31 Mo. 62;
Ross v. Crutsinger, 7 Mo. 245; Middleton & Riley v. Hoff,
15 Mo. 415; Owens v. Rector, 44 Mo. 389; Irwin v. Wells, 1
Mo. 9; Mathews v. Loth, 45 Mo. App. 459; Crawford v.
Greenleaf, 48 Mo. App. 597; State to use v. Mason, 112 Mo.

374.   (2)   The question of good intent or of fraud of the interpleader, is a question for the jury and the court should not have withdrawn this case from the jury.   Frankenthal v. Goldstein, 44 Mo. App. 189; Ross v. Crutsinger, 7 Mo. 245.   (3)   When an inference of fraud may be drawn from all the facts and circumstances of a transaction, the question of fraud should be submitted to the jury.   The State to use v. Mason, 112 Mo. 374.   (4)   A sale, though made by a vendor with a fraudulent intent, will not be declared void unless the vendee had actual notice and knowledge of such intent and the knowledge of facts which, if investigated and followed, would lead to knowledge of fraud, is insufficient. State to use v. Mason, 112 Mo. 374.   (5)   After interpleader, Prickett's, showing his open, notorious and visible possession the plaintiff had no just ground of complaint unless it was proven that the defendants, Vails, in selling such goods to Prickett intended thereby to defraud, hinder or delay their creditors, and that interpleader Prickett had knowledge of such fraudulent intention on the part of Vails at the time he purchased the goods.   Dry Goods Co. v. Schooley, 66 Mo. App. 417; Arnholt v. Hartwig, 73 Mo. 488; Bank v. Worthington, 145 Mo. 91.

*Joseph Park* for respondent.

(1)   The interpleader admitted in his testimony: (a) That he knew the Vails were heavily indebted. (b) Knew they were being sued. (c) Knew judgments aggregating $300 would be rendered against them on January 7, the day after he took possession or claimed to have bought on the sixth of January. (d) Knew they were insolvent and in a failing condition at the time, and for a long time before he bought them out, and that they were selling their entire property. (e) Knew that the draft for the claim against them in suit had been presented and not paid. (f) Admitted that he was not a creditor

Kelly-Goodfellow Shoe Co. v. Prickett.

of the Vails at the time of the alleged purchase. Although the court did not do so, under the pleadings and the evidence its duty was to direct a verdict for the plaintiff if the case had been submitted to the jury.   Seger & Son v. Thomas, 107 Mo. 635, and cases cited.   (2)  No final judgment has been rendered in this case and an appeal will not lie.   R. S. 1889, sec. 2246; State v. Sutterfield, 54 Mo. 391; State ex rel. v. Horner, 16 Mo. App. 191; State ex rel. v. Woodson, 128 Mo. 497; Hobart v. McNamara, 13 Mo. App. 578.   (3)   The record shows that the interpleader appealed from a voluntary nonsuit.   The interpleader prevented the court committing the very error of which he complains by taking a voluntary nonsuit.   Moore v. Railroad, 146 Mo. 572; Koger v. Hayes, 57 Mo. 329; Poe v. Dominic, 46 Mo. 113; McClure v. Campbell, 148 Mo. 96.   (4)   When the plaintiff takes a voluntary nonsuit he abandons his action and from the judgment entered upon it no appeal will lie.   Chouteau v. Rowse, 90 Mo. 191; Kirby v. Burns, 45 Mo. 234.   (5)   It is not for the respondent to show that the court did not commit error, but for the appellant to show that it did.   This court can not say, even if the lower court had actually given a peremptory instruction, which it did not, that in doing so the court below committed error, unless the appellant makes it appear in his abstract.   This can only be done by printing all the evidence. Appellant's abstract don't purport to do this, and the appellate court will not say the peremptory instruction was not justified, even if one had been given.   Christopher v. White, 42 Mo. App. 428; Bensberg v. Turk, 40 Mo. App. 227; McCarroll v. Kansas City, 64 Mo. App. 283; Costello v. Fesler, 80 Mo. App. 107; Grocery Co. v. May, 80 Mo. App. 300.

ELLISON, J.—Plaintiffs were creditors of defendants and as such brought suit against defendants and had two stocks of goods attached in aid.  Afterwards, interpleader

filed his interplea claiming the goods were his and not the property of the defendents. On a trial of this interplea at the close of the evidence for interpleader a demurrer to the evidence offered in his behalf was interposed by plaintiff and the court announcing that he would sustain it, interpleader took a nonsuit with leave to set it aside; failing in which he has appealed.

The evidence for interpleader showed that he purchased the goods of defendants for cash near three weeks before the attachment, and went into possession and was in open and notorious possession at the time of the levy. That at the sale he paid a fair value in cash, and as evidence thereof he took a bill of sale. This was sufficient to establish a *prima facie* case for the interpleader and it devolved upon plaintiff to defeat such case by proof of fraud on the part of interpleader. Singer v. Goldenburg, 17 Mo. App. 549.

But evidence in addition to this was given in interpleader's behalf and it must be that the demurrer was sustained on account of what appeared in that additional evidence. For while it is true that proof of a sale and transfer of possession establishes a *prima facie* case which the opposing party must rebut, as has just been stated, yet in making out such case the interpleader's evidence may itself destroy his case by disclosing fraud on the face thereof. So the question is, did it disclose fraud in such undoubted way as to leave but one opinion or inference about it in the minds of reasonable men? Such must be its character to justify a peremptory instruction. We think that it did not meet this requirement. It is clear there was a sale and transfer of possession for an adequate price. But plaintiff contends that defendants' object and purpose in selling was to cheat and defraud their creditors and that interpleader knew of and participated in this design. While there may be sufficient in the evidence upon which to raise a reasonable inference that defendants' object in making the sale was fraudulent, and that interpleader

knew it, there is no justification in saying that it was so clearly and irrefutably established as to authorize a peremptory direction that it was fraudulent, or, especially, that interpleader knew it. Interpleader knew defendants were insolvent, but there is no disability on an insolvent which prevents him from selling his property to whoever will buy. If there was, much of the traffic of the country would cease. He also knew that defendants were indebted to various parties and were "hard pressed." Defendants themselves so informed him they were in debt and that they wanted to sell so as to pay the debts. None of these things could affect his right to purchase. Singer v. Goldenburg, 17 Mo. App. 549; Sammons v. O'Neill, 60 Mo. App. 540; Gens v. Hargadine Co., 56 Mo. App. 245, 250.

In the foregoing cases it will be found that we have here, starting at the case of Singer v. Goldenburg, constantly held that knowledge of the vendee of the vendor's insolvency did not avoid a sale. We applied the rule to matters between partners and third parties in the case of McDonald v. Cash & Hainds, 57 Mo. App. 536, and the supreme court so did in Goddard Grocery Co. v. McCune, 122 Mo. 426.

It is true there is a difference, and we have constantly recognized it, between a creditor purchaser and a volunteer purchaser as interpleader is. The former may know of the vendor's intent to cheat other creditors, yet so long as he only seeks to protect himself he may buy; while if a volunteer purchaser knows of such intent his purchase is invalid though he pays value. But he must be shown to have known such intent. Mere knowledge of facts or suspicious circumstances which would put a prudent man on inquiry is not enough; though such information may be given in evidence to be considered by the jury in deciding whether there was actual knowledge in fact. Sammons v. O'Neill, 60 Mo. App. 530, 536; Dry Goods Co. v. Schooley, 66 Mo. 406; State to use v. Mason, 112 Mo. 374.

The additional testimony of interpleader, as set out in plaintiff's abstract, has some tendency to show that he was endeavoring to protect himself against an attack of the sale by creditors of defendants, thus tending to show he thought its validity might be questioned.   But it falls far short of establishing a fraudulent knowledge to that degree which would justify taking the question from the jury. .

It is claimed by plaintiff that interpleader is not entitled to an appeal since, as he claims, the nonsuit was voluntary.   If this was shown by the record we would dismiss the appeal.   Bank v. Gray, 146 Mo. 568.   But the record shows here that the nonsuit was taken in consequence of an adverse ruling of the court which destroyed interpleader's case.   The record shows that counsel for interpleader announced that the evidence was all in.   "Counsel for plaintiff presents demurrer to the court, and the court announced to counsel for interpleader that he would sustain the same.   To which ruling of the court interpleader objected and excepted at the time and still excepts."   Whereupon, "the interpleader takes a nonsuit with leave."

This shows an involuntary nonsuit from which an appeal will lie.  We interpret this quotation from the record to mean that the court did actually pass on the demurrer.   The court announced the ruling in the words "that he would sustain the same."   That means not that he would in the future sustain it, but that he did then sustain it.   Such was the evident understanding of counsel for he excepted to the ruling and such was the understanding of the court for it allowed such exception.   We think, therefore, this case is to be distinguished from McClure v. Campbell, 148 Mo. 96.

Objection is stated to this appeal that no final judgment was rendered.   The abstract for interpleader does not show an entry of final judgment.   The cause is not here on what is known as the short method, and no point is made as to the

form of the judgment—merely that it does not appear in the abstract. The plaintiff, however, sets it out in the additional abstract, and we think the point not well made.

So of the point as to the abstract not containing all the evidence, necessary in cases of demurrer to evidence. Plaintiff prints additional testimony which we find to be correct and it should have been printed by interpleader. But being supplied by plaintiff it suffices.

The result is to reverse the judgment and remand the cause.

*Smith, P. J.,* concurs; *Gill, J.,* absent.