S. E. CARTER, Appellant, v. JAMES O'NEILL,
Respondent.

**Kansas City Court of Appeals, November 9, 1903.**

1. **Trial Practice: NONSUIT: INSTRUCTIONS.** Until an instruction is given there is no such adverse ruling as precludes plaintiff's recovery; and where the court announced that it would grant a demurrer to the evidence and plaintiff thereupon took a non-suit with leave, such non-suit is voluntary.

2. ———: ———: ———: **BILL OF EXCEPTIONS.** The fact that an instruction with "given" or "refused" indorsed thereon is found among the papers of the case though not called for in the bill of exceptions, would not, of itself, be evidence that such instruction was passed upon by the court; therefore, the bill of exceptions should recite the action of the court on the instruction, which recitation would be conclusive.

3. ———: ———: ———: ———. The words of the court in relation to a demurrer to the evidence are considered and *held* not to amount to an announcement of the giving thereof, and the recitation in the bill of exceptions that plaintiff suffered an involuntary non-suit, not sufficient to establish such fact, since it amounts to a mere conclusion.

4. **Appellate Practice: EXCEPTIONS: REVIEW.** Adverse rulings of the trial court can not be reviewed unless exceptions are properly taken thereto.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

AFFIRMED.

*H. W. Currey* and *W. R. Robertson* for appellant.

(1) The nonsuit was properly taken and was involuntary. Shoe Co. v. Prickett, 84 Mo. App. 94; McAnaw v. Mathis, 129 Mo. 149.; State v. Smith, 65 Mo. 469; Harrison v. Bank, 9 Mo. 162. (2) The only

object, as we take it, of having objections and exceptions noted is, to show that the party complaining did not voluntarily submit to the action of the court in its adverse ruling; and the language of this bill of exceptions undoubtedly shows that appellant was not voluntarily submitting to the court's action, because if he were, how could it be said that he was "forced" to take a nonsuit?

*Galen & A. E. Spencer* for respondent.

(1) The action of the trial court on defendant's demurrer to the evidence is a matter of exception. The plaintiff failed to save an exception to such action and proposed ruling, and can not now complain thereof. Reynolds v. Railway, 146 Mo. 126; McClure v. Campbell, 148 Mo. 112; Shoe Co. v. Prickett, 84 Mo. App. 100. (2) Where a bill of exceptions fails to show the saving of an exception to the giving or refusal of an instruction, the appellate court is without power to review such action. State v. Ragsdale, 59 Mo. App. 590; Shannon v. Railway, 54 Mo. App. 223; Waller v. Railroad, 83 Mo. 608; Dozier v. Jerman, 30 Mo. 216. (3) The record herein discloses a voluntary nonsuit, and hence there is nothing for this court to review. McClure v. Campbell, 148 Mo. 111.

BROADDUS, J.—The plaintiff brought suit on seven different counts of his petition, five of which were for damages to his real property and two founded in equity. By agreement of parties the cause was tried on the first five counts. On the trial plaintiff introduced evidence for the purpose of sustaining the allegations of his petition in the first five counts aforesaid. At the close of the plaintiff's case the defendant in writing asked the court to instruct the jury on each of said counts specifically to find a verdict for defendant. The bill of exceptions then recites as follows: "Thereupon, the court announcing his intention to give said instruc-

tion, the plaintiff was forced to and did take a nonsuit with leave to move to set the same aside." The defendant claims that under the record plaintiff took a voluntary nonsuit, therefore he has no right to appeal. Plaintiff insists that the case is similar to that of Kelley-Goodfellow Shoe Co. v. Prickett, 84 Mo. App. 94, decided by this court. In that case the trial judge announced that he would sustain defendant's demurrer, whereupon plaintiff took nonsuit with leave, etc. The judge who delivered the opinion in commenting on the language used by the trial judge construed it to mean: "not that in the future" he would sustain the demurrer, "but that he did sustain it;" and, "such was the evident understanding of counsel, for he excepted to the ruling; and such was the understanding of the court, for it allowed such exceptions."

But the record is somewhat different here, for the court did not say that it would sustain the demurrer, but that it was inclined to do so, which is not equivalent to having said it would then do so, or that it did sustain it. And there is furthermore this difference in the two cases: in the former the plaintiff excepted to the ruling of the court; but the plaintiff here did not.

In McClure v. Campbell, 148 Mo. 96, it was held: "Until an instruction is given in writing there is no such adverse ruling of the court as precludes a recovery by plaintiff. So that where defendant demurred to plaintiff's evidence, and the court announced that it would grant such instruction, and plaintiff thereupon asked leave to take a nonsuit with leave to move to set the same aside, such nonsuit was voluntary." The court then calls attention to section 2188, now 748, Revised Statutes 1899, which requires an instruction to be in writing, and wherein the court is required to "give" or "refuse" instructions in writing asked by the parties, or give instructions of its own.

We do not understand the court to mean that the trial judge must write on an instruction the words

"given" or "refused," before it can be considered as such; for such words placed upon an instruction are merely in the nature of evidence. And the fact that an instruction may be found in the case with such words upon it, and not called for in the bill of exceptions, would be no evidence of itself that it was given or refused by the court. Therefore, the solution of such a question depends solely upon the recitation of the fact in the bill of exceptions. If it recites that the instruction is given, the recitation is conclusive.

The decision in the Kelly-Goodfellow Shoe Co. case, supra, was that the words substantially showed that the demurrer had been given. As before stated, we do not believe that the words here amounted to an announcement upon the part of the court that the demurrer was given. Nor is the recitation in plaintiff's record that he suffered an involuntary nonsuit sufficient to establish such fact, for it is merely the statement of a conclusion. "To simply call it by that name will not make it involuntary." Green Co. Bank v. Gray, 146 Mo. 1. c. 571.

Furthermore, all the authorities in this State are to the effect that a party, in order to have adverse rulings reviewed in an appellate court, must except to such rulings. For his failure below in that respect plaintiff is not entitled to an appeal. See McClure v. Campbell, supra.

For the reasons given the cause is affirmed. All concur.