## LEWIS, Appellant, v. CENTER CREEK MINING COMPANY et al.

### Division One, November 21, 1906.

1. **NONSUIT: When Voluntary.** The taking of a nonsuit by plaintiff upon the announcement of the court that it intended to give a demurrer to the evidence, no such instruction being in fact given, is voluntary, from which no appeal lies. And the fact that appellant excepted to the ruling of the trial court in overruling the motion to set aside the nonsuit by him taken, does not alter the case. That was not "settling" the instruction in the sense contemplated by the statute. Until an adverse instruction is actually given, there is no adverse ruling of the court which finally precludes a recovery, and even then an exception must be saved.

2. ———: **Failure to Except.** Even where the trial court gives a demurrer to the evidence, if appellant fails to save an exception, that ruling is not reviewable on appeal.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*Howard Gray* for appellant.

*W. R. Robertson* for respondents.

The record in this case discloses a voluntary nonsuit from which no appeal lies. McClure v. Campbell, 148 Mo. 111; Kelly-Goodfellow Shoe Co. v. Prickett, 84 Mo. App. 100; State v. Ragsdale, 59 Mo. App. 590; Shannon v. Railroad, 54 Mo. App. 223; Waller v. Railroad, 83 Mo. 608; Dosier v. Jerman, 30 Mo. 216.

GRAVES, J.—For the purpose of determining the vital question in this case, which determination must be against appellant, an extended statement of facts is not required. Appellant correctly and concisely summarizes the petition in this language:

"This suit was commenced in the circuit court of Jasper county, Missouri, on November 13, 1901. The

petition is in two counts as follows: The first count alleging that defendants had sunk a shaft on lot fifty-eight in a certain addition to the city of Webb City, Missouri, and had cut drifts therefrom, and were engaged in taking zinc and lead ores from said drifts; that the plaintiff was the owner of lot sixty in said addition to said city, and that the defendants drove drifts from their said lot onto the lot of plaintiff and took and carried away therefrom a large quantity of zinc and lead ore of a certain value, for which he asks judgment. The second count alleging the same facts about the two lots and the taking of the ore therefrom, and prayed for damages on account of injury to the property of plaintiff.''

Answer was a general denial.

Plaintiff, now appellant, offered oral and documentary evidence, all of which was admitted. Singular to say, but in the whole record, but one objection was made and exception saved to the introduction of evidence. This objection was made by the defendant and overruled by the court and plaintiff had the benefit of the evidence.

At the close of plaintiff's evidence, the record recites:

''Thereupon, the plaintiff rested his case and the defendant asked the court to give an instruction to the jury in the nature of a demurrer to plaintiff's case, *and upon the court declaring his intention to give said instruction,* the plaintiff took a nonsuit with leave to set the same aside.

''And thereafter, on the same day, the court caused the following judgment to be entered of record as follows (caption omitted), to-wit:

''Now on this day this cause comes on for trial, the plaintiff appearing by Howard Gray, his attorney, and the defendants appearing by H. W. Curry, their attorney, and both sides announce ready for trial and

thereupon come the following jury: . . . , twelve good and lawful citizens of Jasper county, qualified by law to serve as a jury in this cause, and thereupon the trial is begun, and after hearing a part of the evidence *the plaintiff takes a nonsuit with leave to file a motion to set the same aside.*

"And afterwards, during said regular term of court and within four days after the judgment aforesaid, the plaintiff filed his motion to set aside nonsuit in said cause as follows (caption omitted):

"Now on this day comes the plaintiff in the above-entitled cause and moves the court to reinstate this cause and to set the same for hearing for the following reasons, to-wit:

"Because the court erred in compelling the plaintiff to take a nonsuit in order to save the court directing the jury to find a verdict for the defendants.

"Which said motion to set aside nonsuit was by the court on the 24th day of May, 1902, during said regular term, overruled: to which action, ruling and refusal of the court to grant plaintiff a new hearing herein, the plaintiff at the time fully excepted and still excepts.

"Thereupon the plaintiff filed his affidavit for an appeal and appeal was allowed by the court to the Kansas City Court of Appeals and plaintiff given until on or before the first day of the next regular term of court within which to file his bill of exceptions in said cause.

"And now on this 25th day of November, 1902, within the time so allowed and extended by the court for the plaintiff to file herein his bill of exceptions, comes the plaintiff and prays the court that the same may be signed, sealed and made a part of the record herein.

"Which is accordingly done the day and year last above written."

We have omitted the several orders extending the

time for filing bill of exceptions. The case was certified to this court by the Kansas City Court of Appeals on account of the amount claimed in the petition, said amount being in excess of five thousand dollars. Hence, the necessity for an adjudication here.

On the foregoing state of the record the respondent contends that the nonsuit taken by plaintiff, now appellant, was voluntary, and for that reason there is nothing here for this court to review. Respondent contends, and the record shows, that the first exception taken and preserved by the appellant was to the action of the trial court in overruling his motion to set aside the nonsuit by him taken; that the record fails to show the giving of any instruction directing a verdict against appellant, or the sustaining of a demurrer to his testimony. Under the record in this case we are of opinion that respondent's contention should be sustained. [Greene County Bank v. Gray, 146 Mo. 568; McClure v. Campbell, 148 Mo. 1. c. 112; Kelly-Goodfellow Shoe Co. v. Prickett, 84 Mo. App. 1. c. 100; Carter v. O'Neill, 102 Mo. App. 391.]

It will be observed that this record does not show that the court did in fact sustain a demurrer to the testimony, or did in fact give an instruction in the nature of a demurrer. The most that can be said for the record is, that the court had declared his intention so to do. This has been expressly condemned by this court in case of McClure v. Campbell, 148 Mo. 1. c. 112, where MARSHALL, J., says:

"It is insisted, however, that saving an exception to the ruling on the motion for a new trial is all that is necessary, and that the court had 'settled' the instruction, although it had not actually given it, and therefore the nonsuit was involuntary. The case of Greene County Bank v. Gray, 146 Mo. 568, involved a record which was in all respects indentical with the record in this case, and after a full examination of the question, BRACE, P. J., in speaking for the court, held that a non-

suit taken under such circumstances was voluntary, and hence there was nothing for this court to review. That case meets our views and we adopt it here and reaffirm the principles it announces.   It does not alter the case that the court had 'settled' the instructions.   Until the instructions are given there is no adverse ruling of the court which finally precludes a recovery by plaintiff, for the court is required by section 2188, Revised Statutes 1889, to 'give' or 'refuse' the instructions in writing asked by the parties or may give instructions of its own motion.   Until the court so acts there has been no ruling or action of the court, with respect to instructions, no matter what announcements the court may have made of its intention.''

In Greene County Bank v. Gray, supra, BRACE, P. J., said: ''So that while there now may be an involuntary nonsuit in equity cases from a refusal to set aside which appeal may be taken or writ of error will lie, as in actions at law, yet the nonsuit must be involuntary. To simply call it by that name will not make it involuntary.   The plaintiff must be constrained to take his nonsuit by some adverse ruling of the court on the trial, which precludes a recovery in the case.   No such adverse ruling was made in this case, but on a mere expression of opinion by the court that the law of the case was with the defendant and an intimation that if the case was submitted the finding would be for the defendant upon both counts of the petition, the plaintiff declined to permit the case to go to adjudication and took a nonsuit.   Such a nonsuit is necessarily voluntary and the court committed no error in refusing to set it aside. The whole burden of plaintiff's complaint here is that if the court had ruled as it intimated it would rule if the case was submitted, the court would have committed error.   The plaintiff prevented the court from committing the very error of which it complains, by taking a nonsuit, and now asks us to convict the court of an error which it never committed.   This of course

we cannot do. We are here, not for the purpose of trying hypothetical cases or reviewing the opinions of circuit judges, but their actual rulings as courts in given cases. The judgment of the circuit court is affirmed.''

In the McClure case, supra, VALLIANT, J., dissented from the parts of the opinion we have quoted, but had concurred in the remarks of BRACE, P. J., in the Greene County Bank case.

A distinction, which, however, avails this appellant nothing, is drawn by ELLISON, J., in Kelly-Goodfellow Shoe Co. v. Prickett, 84 Mo. App. l. c. 100, where it is said:

''It is claimed by plaintiff that interpleader is not entitled to an appeal, since, as he claims, the nonsuit was voluntary. If this was shown by the record we would dismiss the appeal. [Bank v. Gray, 146 Mo. 568.] But the record shows here that the nonsuit was taken in consequence of an adverse ruling of the court which destroyed interpleader's case. The record shows that counsel for interpleader announced that the evidence was all in. 'Counsel for plaintiff presents demurrer to the court, and the court announced to counsel for interpleader that he would sustain the same. To which ruling of the court interpleader objected and excepted at the time and still excepts.' Whereupon, 'the interpleader takes a nonsuit with leave.'

''This shows an involuntary nonsuit from which an appeal will lie. We interpret this question from the record to mean that the court did actually pass on the demurrer. The court announced the ruling in the words 'that he would sustain the same.' That means not that he would in the future sustain it, but that he did then sustain it. Such was the evident understanding of counsel, for he excepted to the ruling, and such was the understanding of the court, for it allowed such exception. We think, therefore, this case is to be distinguished from McClure v. Campbell, 148 Mo. 96.''

But the record in the case at bar fails to show any objection or exception to the intimation of the trial court that he would give an instruction in the nature of a demurrer. This is fatal. Suppose that the court had in fact given the instruction and the record failed, as it does now, to show an exception, could it be said in the face of our holdings for many years, that the instruction or the questions raised thereby could be here for review? We think not. Then certainly where there is a failure to except to the threatened action of the court the litigant would be in no better standing.

The record in the case of Carter v. O'Neill, 102 Mo. App. 391, is very similar to the one at bar, and Broaddus, J., after holding the record insufficient to show an involuntary nonsuit, upon the other question of a failure to except at the time, aptly used this language: "Furthermore, all the authorities in this State are to the effect that a party, in order to have adverse rulings reviewed in an appellate court, must except to such rulings. For his failure below in that respect plaintiff is not entitled to an appeal. [See McClure v. Campbell, supra.]"

So that we conclude that the record in the case at bar is not sufficient to show an involuntary nonsuit, and further that there is no exception in the record, made and saved at the proper time to save the point for review here. This conclusion makes further consideration unnecessary, and the judgment will be affirmed.

All concur.