LAWRENCE N. ADAMSON, by next friend, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 24, 1907.

1. **TRIAL PRACTICE: Intimation of Court: Nonsuit.** At the close of plaintiff's case the court suggested that the evidence would not sustain a verdict. The plaintiff announced he would proceed no further but take a nonsuit. *Held*, there was no ruling made by the court and the plaintiff's action was a voluntary abandonment of his cause, although the record showed the nonsuit was "with leave to move to set the same aside."

2. ———: ———: ———: **Exception.** Though the intimation of the court be construed a ruling, still there was no exception saved and the nonsuit was voluntary.

3. ———: ———: ——— **Court's Discretion.** The plaintiff filed a motion to set the nonsuit aside for specific reasons and the court sustained the motion. *Held*, that while the court in its discretion may set aside a nonsuit during the term, yet its action was on plaintiff's motion and not of its own motion and the record is held anomalous.

Appeal from Jackson Circuit Court.—*Hon. Henry L McCune*, Judge.

REVERSED.

*John H. Lucas, Ben T. Hardin* and *Ben F. White* for appellant.

(1) The court erred in setting aside the nonsuit of plaintiff and reinstating this cause on the docket: (a) The nonsuit was voluntary, and it was an abandonment of the atcion. Lewis v. Mining Co., 97 S. W. 938; McClure v. Campbell, 148 Mo. 112; Bank v. Grey, 146 Mo. 568; Carter v. O'Neil, 102 Mo. App. 391. (b) The evidence of plaintiff and his witness Dutcher shows conclusively that he was guilty of such contributory negligence as effectually bars a recovery. Hafner v. Railroad, 197 Mo. 196; Sanguinette v. Railroad, 196

Mo. 474; Hornstein v. Railway, 195 Mo. 440; Green v. Railroad, 192 Mo. 143; Schmidt v. Railroad, 191 Mo. 215; Ries v. Transit Co., 179 Mo. 1; Petty v. Railroad, 179 Mo. 675; Moore v. Railway, 176 Mo. 529; Guyer v. Railroad, 174 Mo. 344; Van Bach v. Railroad, 171 Mo. 338; Hook v. Railroad, 162 Mo. 584; Turner v. Railroad, 161 Mo. 497; Davis v. Railway, 159 Mo. 1; Holwerson v. Railroad, 157 Mo. 216; Culbertson v. Railroad, 140 Mo. 35; Payne v. Railway, 136 Mo. 585; Huggart v. Railroad, 134 Mo. 679; Wason v. Railway, 133 Mo. 250; Lane v. Railroad, 132 Mo. 16; Boyd v. Railroad, 105 Mo. 380; Weber v. Railroad, 100 Mo. 194; Simms v. Railroad, 116 Mo. App. 572; Lien v. Railroad, 79 Mo. App. 475; Murray v. Railroad, 101 Mo. 236; Kellny v. Railroad, 101 Mo. 67; Corcoran v. Railroad, 105 Mo. 399; 7 Am. and Eng. Ency. Law, 371.

*Hairgrove & Stubbs,* for respondent, filed argument.

ELLISON, J.—The plaintiff's action is for personal injuries charged to have been received in a collision with one of defendant's street cars, brought about through the negligence of defendant. At the close of the evidence in plaintiff's behalf (without any motion or suggestion from defendant) the record states: "On the suggestion of the court that under the evidence of the plaintiff a verdict for plaintiff could not be sustained, counsel for plaintiff announced that they would proceed no further with the case, but would take a nonsuit. And afterwards and on the same day, to-wit, on the 14th day of March, 1906, the plaintiff took a nonsuit in this case with leave to move to set the same aside. And judgment was rendered by the court in accordance therewith." Afterwards, on March 20, the plaintiff filed his motion to set aside the nonsuit on account of specific rulings of the court against the plaintiff therein set out, and it was sustained. From that order defendant appealed to this court.

Adamson v. Railroad.

The action of plaintiff was a voluntary abandonment of his case. The court had not been asked to make a ruling and had made none. The nonsuit was taken at plaintiff's own instance and in no sense can it be held to have been forced upon it. [McClure v. Campbell, 148 Mo. 96, 112; Bank v. Gray, 146 Mo. 568.]

But even if it could be suggested that there was an adverse ruling in this case, as there must be in order to make an involuntary nonsuit, yet there was no exception taken to such supposed ruling and therefore plaintiff must be regarded as acquiescing in the ruling and his subsequent nonsuit must be regarded as voluntary. In Lewis v. Center Creek Mining Co., 199 Mo. 463, Judge GRAVES, after reviewing the authorities, said: "But the record in the case at bar fails to show any objection or exception to the intimation of the trial court that he would give an instruction in the nature of a demurrer. This is fatal. Suppose that the court had in fact given the instruction and the record failed, as it does now, to show an exception, could it be said in the face of our holdings for many years, that the instructions or the questions raised thereby could be here for review? We think not. Then when there is a failure to except to the threatened action of the court the litigant would be in no better standing."

It is however suggested that the trial court has a discretion in setting aside a nonsuit, even without a motion. It will not aid the plaintiff to grant that statement, for in this case the record shows that the court did not exercise its discretion. The court sustained the motion and that paper stated as ground for the motion that the court "held that plaintiff was guilty of contributory negligence." The record fails to show any holding of that character. But the record shows that the court, in sustaining the motion, did so, "for the reason that the court erred in sustaining defendant's demurrer to

the evidence of plaintiff." In point of fact, as disclosed by the record, defendant did not offer a demurrer to the evidence. The record is an anomaly. Taking it as it reads (which we must do) it shows a setting aside of a voluntary nonsuit for a specific reason which did not exist.

The judgment is reversed. All concur.