HONNOUR TRABUE, Appellant, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals.   Submitted on Briefs December 6, 1910.
Opinion Filed December 30, 1910.

1. NON-SUITS: Voluntary: Merely Agreeing to Sustain Demurrer:
Appellate Practice.   Where, at the close of plaintiff's case, de-
fendant asked an instruction in the nature of a demurrer to the
evidence, which the court "agreed to give," whereupon plaintiff
took a non-suit with leave to move to set the same aside, the
non-suit was voluntary and not open to question on appeal,
since the instruction was not actually given; appellate courts
acting on what the trial court actually does and not on what
it proposes to do.

2. APPELLATE PRACTICE: Appeal from Voluntary Non-Suit:
Dismissal of Appeal or Affirmance of Judgment.   Where an ap-
peal is taken from the refusal of the trial court to set aside a
non-suit which was taken voluntarily, the proper order for the
appellate court to make is to dismiss the appeal, but the Su-
preme Court having established the practice of affirming the
judgment in such cases, the Court of Appeals will follow that
practice.

Appeal from St. Louis City Circuit Court.—*Hon.
George C. Hitchcock*, Judge.

AFFIRMED.

*B. F. Canaday* for appellant.

*Glendy B. Arnold* for respondent; *Boyle & Priest*
of counsel.

REYNOLDS, P. J.—This was an action by plain-
tiff against defendant to recover damages for injuries
alleged to have been sustained by her while standing
on a street platform in a public street of the city of
St. Louis along the side of which platform the tracks
of defendant lay and over which tracks its cars moved,

the platform being intended for the convenience of persons about to enter or landing from the cars. At the close of the evidence for plaintiff, this appears, according to the abstract of appellant: ''Thereupon the defendant prayed the court to give to the jury on its behalf an instruction in the nature of a demurrer, and the court decided to give said instruction. To which plaintiff at the time duly excepted, and still continues to except, and asked leave of the court to take an involuntary non-suit with leave to move the court to set the same aside, and for a new trial, which was granted by the court.'' In the abstract of the record proper this same action is set out in these words: ''Defendant, at the close of plaintiff's evidence, on the said 19th day of March, asked an instruction in the nature of a demurrer, and the court agreed to give said instruction, and the plaintiff took an involuntary non-suit.'' In the statement and brief filed by the same learned counsel, the matter is stated in this way, after setting out the substance of the petition: ''The answer was a general denial and a charge of contributory negligence. The case was tried on this issue, and when the plaintiff's evidence was in, the court agreed to give an instruction in the nature of a demurrer on the ground that plaintiff was guilty of contributory negligence as a matter of law. Whereupon plaintiff took an involuntary non-suit with leave to move to have same set aside and for a new trial.'' The first of the points and authorities set out by the same counsel in his printed statement and brief is as follows: ''1. The court erred in agreeing to give defendant's proposed instruction in the nature of a demurrer.'' Under this state of facts as held by our Supreme Court in the cases of Greene County Bank v. Gray, 146 Mo. 568, 48 S. W. 447; McClure v. Campbell, 148 Mo. 96, 49 S. W. 881, and of Lewis v. Center Creek Mining Co., 199 Mo. 463, 97 S. W. 938, there is nothing before us but to

affirm the judgment. Here as in these cases, it is not pretended that the court gave the instruction; merely that he agreed to give it, or proposed to give it. As said in the Lewis case, appellate courts act, on appeal, not on what a trial court proposes to do, but on what it actually does. Here, so far as shown, no instruction was in fact given compelling non-suit. The non-suit taken was taken prematurely, if sought to be treated as involuntary. As appears by the abstract, briefs, and argument even, it was a voluntary non-suit, and not open to question on appeal. The learned counsel for respondent have not suggested this point, relying upon others. With the defect noted above, which goes to our very jurisdiction over the appeal, staring us in the face from nearly every page of the abstract, statement and brief submitted by counsel for appellant, to pass upon other points would be attempting to adjudicate a moot case. This we cannot do. Moreover, it would be unfair to both parties for us, on this record, to express any opinion on the merits of the case or on the other points involved.

If we were following what we deem the logical conclusion, we would think that the proper order for us to make would be one dismissing the appeal. But in the cases above cited, each of which went off on the same point here in decision, the Supreme Court affirmed the judgments of the circuit court. Following this we accordingly affirm the judgment of the circuit court. *Nortoni.* and *Caulfield, JJ.*, concur.