## DIAMOND RUBBER COMPANY, Appellant, v. O. H. L. WERNICKE, Respondent.

### Kansas City Court of Appeals, May 27, 1912.

1. **NONSUIT: Voluntary: Demurrer to Evidence.** Where the defendant, at the close of plaintiffs evidence, asks an instruction in the nature of a demurrer to the evidence and the court announces an intention to give the instruction, a nonsuit, taken before the ruling is made and exceptions saved thereto, is voluntary.

2. ———: **Voluntary and Involuntary.** A voluntary nonsuit is where the suit is terminated by the voluntary action and free will of the plaintiff while an involuntary nonsuit is when the plaintiff by some adverse ruling of the court which precludes a recovery is compelled to take a nonsuit.

3. ———: **Voluntary: Judgment Final: No Appeal.** Where the nonsuit is voluntary the judgment is final and not open to review in the appellate court.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone,* Special Judge.

AFFIRMED.

*Marley & Grover* for appellant.

*Harkless Crysler & Histed* and *Hogsett & Boyle* for respondent.

JOHNSON, J.—Action on an alleged written guaranty. Issues were raised by the pleadings and there was a trial before a jury. At the conclusion of plaintiff's evidence defendant offered the following demurrer: "Now comes defendant at the close of all of plaintiff's evidence and demurs to same for the reason that under the law and the evidence plaintiff is not entitled to recover."

The record shows that the court was "about to sustain said demurrer" when plaintiff took a nonsuit

with leave to move to set the same aside. It is conceded the court did not formally rule on the demurrer. In due time plaintiff filed a motion to set aside the nonsuit. The motion was overruled and plaintiff appealed.

At the outset we are called on to decide whether the nonsuit was voluntary or involuntary. If voluntary as counsel for defendant contend the judgment is final and is not open to review in the appellate court. "A voluntary nonsuit is where the suit is terminated by the voluntary action and freewill of the plaintiff while an involuntary nonsuit is when the plaintiff by some adverse ruling of the court which precludes his recovery is compelled to take a nonsuit." [Williams v. Finks, 156 Mo. 597; Layton v. Riney, 33 Mo. 87; Hageman v. Moreland, 33 Mo. 86; Poe v. Dominic, 46 Mo. 113; State ex rel. v. Gaddy, 83 Mo. 138; Mfg Co. v. Baker, 137 Mo. App. 670.]

A nonsuit will be deemed involuntary only when it is prompted by an adverse ruling of the court which is preclusive of a recovery by plaintiff. Until there is an actual ruling which puts a complete stop to any further progress on the part of the plaintiff he must keep going despite adverse rulings. It is held in a number of cases that where at the close of plaintiff's evidence the defendant asks an instruction in the nature of a demurrer to the evidence and the court announces an intention to give the instruction, a nonsuit taken before the ruling is made and exceptions saved thereto is voluntary. [Bank v. Gray, 146 Mo. 568; McClure v. Campbell, 148 Mo. 96; Lewis v. Mining Co., 199 Mo. 463; Carter v. O'Neill, 102 Mo. App. 391; Graham v. Parsons, 88 Mo. App. 385; Lucas v. Huff, 92 Mo. App. 369; Saddlery Co. v. Bullock, 86 Mo. App. 89; Adamson v. Railway, 126 Mo. App. 127.]

In their reply brief counsel for plaintiff concede this to be the rule but declare that the court did not have before it a peremptory instruction to the jury directing a verdict for defendant but had a common law demurrer to the evidence, and that since the effect of the giving of such demurrer would have been to withdraw the case from the jury instead of directing a verdict for the defendant, plaintiff could not have taken a nonsuit voluntarily or involuntarily after the demurrer was sustained but was compelled to act before the formal ruling was made.

The common law demurrer to the evidence did have the effect of a conclusive admission by the defendant not only of the facts brought out in the evidence of plaintiff but of the reasonable inferences to be drawn from them in favor of the pleaded cause of action and, further, it had the effect of entirely withdrawing the case from the jury and putting it before the court as in the case of a special verdict. In other words the offering of a demurrer which, by the way plaintiff was required to join in (Tidd's Practice, 865) was a submission of the case to the court for pronouncement of the sentence of the law on an admitted state of facts.   [Railroad v. McArthur, 43 Miss. 185; Suydam v. Williams, 20 How. (U. S.) 436; Nelson v. Whitfield, 82 N. C. 54; Pharr v. Bachelor, 3 Ala. 237; Eberstadt v. State, 92 Texas, 97.]

But, as is said by the Supreme Court of the United States in Suydam v. Williams, supra, the common law demurrer to the evidence long since has fallen into disuse and in this state, at least, we must regard it as obselete.   Though the written request of defendant was not in the form of an instruction to the jury, neither was it in the form of a technical common law demurrer and its function was not to withdraw the case from the jury but merely to raise the question of the sufficiency of plaintiff's evidence to present an issue of fact.   Had the court overruled it the trial to

the jury would and should have been resumed and defendant allowed to offer his evidence as in cases where the request for a peremptory instruction is refused. Regarding the request as in substance an instruction in the nature of a demurrer to the evidence, plaintiff was premature in taking a nonsuit before the instruction was sustained and exception saved, and the nonsuit must be held to have been voluntary.

The judgment is affirmed. All concur.