JOHN ARMSTRONG, Appellant, v. J. T. DUNN, Respondent.

Kansas City Court of Appeals, May 18, 1914.

CONTRACTS: Damages: Sale of Farm: Nonsuit. Where at the close of plaintiff's evidence the defendant asks for an instruction in the nature of a demurrer to the evidence and the court announces an intention to give the instruction, a nonsuit, taken before the ruling is made and exceptions saved thereto, is voluntary and the judgment rendered thereon is final and not open to review in the appellate court.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*Templeton & Hale* for appellant.

(1) Matters bearing upon the execution, the interpretation, and the validity of a contract are determined by the law of the place where the contract was made. Thompson v. Traders Ins. Co., 169 Mo. App. 12. (2) This contract was made, executed and delivered in the State of Kansas, and hence the court in determining its validity would naturally be guided by the interpretation placed upon such contracts by the courts of the State where the contract was executed. The appellate courts of Kansas have repeatedly held that a husband cannot convey the homestead unless the wife gives her consent to such conveyance. But these same courts hold that the consent of the wife to the conveyance of the homestead by the husband need not be in writing, but may be given orally. Pilcher v. Railway Co., 38 Kan. 516; Dudley v. Shaw, 44 Kan. 683; Matney v. Linn, 59 Kan. 613. (3) All the evidence in the case shows an absolute and unjustifiable breach of the contract on the part of the defendant. This breach was an actionable injury, giving to the plaintiff an absolute right to at least nominal damages. Tracy v. Buchanan, 151 S. W. 747; Fulkerson v. Eads, 19 Mo. App. 623; Lampert v. Drug Co., 119 Mo. App. 693.

*A. J. King* and *Smith & Chastain* for respondent.

(1) The judgment should be affirmed because the nonsuit was voluntary and, further, because no exception was saved. Lewis v. Mining Co., 199 Mo. 463; Carter v. O'Neill, 102 Mo. App. 391; Bushyager v. Packing Co., 142 Mo. App. 311; Montei v. Railroad,

130 Mo. App. 149; Allen v. Railway Co., 141 Mo. App. 586; Trabue v. Railway Co., 154 Mo. App. 86; Rubber Co. v. Wernicke, 166 Mo. App. 128.

JOHNSON, J.—Plaintiff sued to recover damages for the alleged breach by defendant of a contract for the sale of a farm owned by plaintiff in Linn county, Kansas. The first trial of the case resulted in a judgment for plaintiff which we reversed on the appeal of defendant and remanded the cause for a new trial. [163 Mo. App. 701.] Plaintiff amended his petition to conform to the views expressed in our opinion and defendant answered setting up a new defense. The second trial ended in plaintiff taking a nonsuit with leave. In due time he moved the court to set the nonsuit aside but the court overruled the motion and plaintiff appealed.

We are stopped at the threshold of the case by the disclosure in the record that the nonsuit was voluntary and consequently the judgment rendered upon it is final and not open to review in the appellate court. At the close of the evidence introduced by plaintiff counsel for defendant asked the court to give the jury a peremptory instruction. The record recites that "upon the intimation of the court that a demurrer to the testimony should be sustained, plaintiff takes a nonsuit with leave to move to set the same aside."

The rule is well settled in this State in a long line of decisions that "where at the close of plaintiff's evidence the defendant asks an instruction in the nature of a demurrer to the evidence and the court announces an intention to give the instruction, a nonsuit taken before the ruling is made and exceptions saved thereto is voluntary." [Rubber Co. v. Wernicke, 166 Mo. App. 128; Bank v. Gray, 146 Mo. 568; McClure v. Campbell, 148 Mo. 96; Lewis v. Mining Co., 199 Mo. 463; Carter v. O'Neill, 102 Mo. App. 391; Graham v. Parsons, 88 Mo. App. 385; Lucas v. Huff, 92 Mo. App. 369; Sad-

dlery Co. v. Bullock, 86 Mo. App. 89; Adamson v. Railroad, 126 Mo. App. 127; Lewis v. Mining Co., 199 Mo. 463.]

Plaintiff was not put out of action by an adverse ruling since none was made against him. There being no ruling there was, of course, no exception, and without an exception duly taken and preserved in the record there is nothing before us for review.

The judgment is affirmed. All concur.