## CHARLES J. SCHMELZER, Appellant, v. CARNIE-GOUDIE MANUFACTURING COMPANY, a Corporation, Respondent.[*]

### Kansas City Court of Appeals. May 4, 1925.

1. **TRIAL PRACTICE: Demurrer: Remark of Defendant's Counsel at Close of Plaintiff's Evidence That Plaintiff Did Not Have a Case Held Not a Demurrer.** Under section 1417, Revised Statutes 1919, governing requests for instructions on any point of law arising in the cause, remark of defendant's counsel at close of plaintiff's evidence to the effect that "I do not think plaintiff has got a case," *held* not to arise to the dignity of a demurrer, but rather an expression of an opinion.

2. **APPEAL AND ERROR: Recital in Transcript of Records of Court, Certified by Clerk, is Conclusive.** Recital in transcript taken from the records of the court, certified by the clerk under the seal of the court, is conclusive.

3. **NONSUIT: A Voluntary Nonsuit Will Not Support an Appeal.** Where court at close of plaintiff's evidence intimated that a demurrer would be sustained, but no demurrer was filed or ruling made, and plaintiff thereupon took a nonsuit such nonsuit was voluntary and will not support an appeal.

---

[*]Corpus Juris-Cyc. References; Appeal and Error, 3 C. J., p. 501, n. 31; 4 C. J., p. 515, n. 2. Trial, 38 Cyc., p. 1545, n. 87.

Appeal from the Circuit Court of Jackson County.—*Hon. Thos. B. Buckner,* Judge.

AFFIRMED.

*McCune, Caldwell & Downing* for appellant.

*Hackney & Welch and Lathrop, Morrow, Fox & Moore* for respondent.

ARNOLD, J.—This is an action to recover damages for personal injuries.

Defendant is a corporation engaged in manufacturing business in Kansas City, Mo., and in connection therewith operates motor trucks. Wyandotte street and Thirteenth street in Kansas City intersect at right angles, the former running north and south, the latter east and west. Wyandotte street is thirty-six feet, ten inches from curb to curb and there are double street car tracks thereon. The distance from the west rail of the west, or southbound track, to the west curb is eleven feet. Plaintiff testified that on May 11, 1920, at about 12:30 p. m. he was walking west on the sidewalk on the south side of Thirteenth street on his way to attend a directors' meeting at Convention Hall which is at the N. E. corner of Thirteenth and Central streets, and one block west of the intersection above mentioned. As he stepped from the sidewalk to cross Wyandotte street he looked to the north and did not see any automobile coming from that direction, and that he started across at an ordinary gait estimated at three to four miles per hour; that when he reached the west rail of the southbound track, he discovered one of defendant's trucks being driven south on Wyandotte street, that it was within a foot of him when he first noticed it; that he jumped to avoid being struck but was only partially successful; that he was struck by the right fender of the truck, knocked down and the right front wheel of the truck ran upon his ankle, injuring him. He testified he did not hear any horn or other warning sounded; that he was looking south at the moment of the accident, that he was directly in the path of the truck and oblivious of his peril.

The record shows the truck was designed for hauling awnings, and had an extended body with a cab over

the driver's seat. The driver and two other employees of defendant were in the driver's seat. The truck went south astride the west rail of the southbound track at a speed estimated at ten to fifteen miles per hour and on reaching Thirteenth street, it slowed down to about five or six miles per hour and proceeded across the intersection at that speed. The day was clear, the streets dry, and the testimony shows there were no obstructions to the driver's view.

The petition alleges negligence in the following respects: Excessive speed under the circumstances, failure to keep a vigilant watch, failure to keep the truck under control; driving on the wrong side of the street, failure to stop the truck, slacken speed, swerve to one side, or give warning of approach. Negligence is also alleged under the humanitarian rule.

The answer is a general denial and a plea of contributory negligence. The reply is a general denial and thus were the issues joined. The cause was tried to a jury and at the conclusion of plaintiff's evidence, the record shows the following proceedings ensued:

"MR. WELCH: (Low tone to the court): I do not think the plaintiff has got a case.

"THE COURT: The jury may be excused to the hall.

"Thereupon the court heard counsel on question of a demurrer to the plaintiff's evidence, Dr. Robinson arriving in the meantime.

"(Jury returned to the jury box.)

"THE COURT: (To the clerk). Leave given to plaintiff to amend petition as to the amount. At the conclusion of the evidence, on the intimation of the court that the demurrer to the evidence would be sustained, plaintiff thereupon takes an involuntary non-suit with leave to move to set same aside.

"And to which action and ruling of the court, the plaintiff then and there at the time duly excepted and still excepts.

"The jury was thereupon discharged from further consideration of the case."

Thereupon plaintiff filed a motion to set aside the involuntary nonsuit, alleging (1) that under the pleadings, the law and the evidence, plaintiff was entitled to have his cause submitted to the jury; (2) that the court erred in announcing he was about to sustain a demurrer to the evidence; (3) that plaintiff made a case for the jury. The said motion was overruled and plaintiff appeals from the action of the court in overruling said motion.

Three assignments of error are before us, viz., (1) that the court erred in marking defendant's peremptory instruction "given" and announcing that he was about to give said instruction; (2) in refusing to submit the cause to the jury, and (3) in overruling the motion to set aside the involuntary nonsuit. Using these assignments as a basis, plaintiff presents his brief and argument in support thereof.

Defendant, in its brief, directly attacks plaintiff's abstract of the record in that under the heading "Judgment" appears the following:

"On the 20th day of May, 1924, during the said May term, 1924, the plaintiff concluded the introduction of his evidence and then rested his case and thereupon the defendant prayed the court to give to the jury a peremptory instruction in the nature of a demurrer to plaintiff's evidence, which said peremptory instruction was by the court marked 'Given' and said court announced that he was about to give said peremptory instruction so prayed by the defendant as aforesaid and refused to submit the cause to the jury on the instruction as asked by plaintiff, to which said rulings and actions of the court and each of them the plaintiff then and there excepted; thereupon plaintiff took an involuntary nonsuit with leave to move to set the same aside, all of which is shown by a record entry made at the time."

Defendant states that the transcript shows, under the certificate of the clerk, the following record entry:
"8th day of May Term, 1924.      May 20, 1924.

"Now on this day come again the same parties and the same jury herein and the trial of this cause resumed, and at the close of the evidence on behalf of the plaintiff, plaintiff by leave of court first had amends his petition by reducing the amount asked for in his prayer from the sum of $30,000, to $7500, and the court at this time intimating it would sustain a demurrer to said evidence, thereupon plaintiff takes and suffers an involuntary nonsuit with leave to move to set the same aside and the jury is by the court discharged.

"Wherefore, it is ordered and adjudged by the court that plaintiff have an involuntary nonsuit with leave to move to set the same aside, and that defendants go hence discharged without day and to have and recover of and from the plaintiff their costs and have therefor execution."

It is defendant's position that plaintiff's bill of exceptions is insufficient to show any right of appeal, and that the judgment therefore must be affirmed. In McDonnell v. Peck Dry Goods Co., 228 S. W. 759, it is held that the recital in the transcript, taken from the records of the court, certified by the clerk under seal of the court, is conclusive. If defendant is right in this view, consideration of the case on its merits is unnecessary.

It appears from the bill of exceptions that at the close of plaintiff's evidence, defendant's counsel said in a low tone to the court, "I don't think plaintiff has got a case." The bill of exceptions does not sustain plaintiff's version of the judgment as set out in the record proper, and in fact, does not show that a demurrer was filed or requested. We think the remark of defendant's counsel does not arise to the dignity of a demurrer, but that it is rather an expression of an opinion. At least there is no showing in the bill of exceptions that a peremptory instruction was filed, or re-

quested. In this respect, we find section 1417, Revised Statutes 1919 (section 1987, R. S. 1909) controls: "When the evidence is concluded, and before the case is argued or submitted to the jury or to the court sitting as a jury, either party may move the court to give instructions on any point of law arising in the cause, which shall be in writing and shall be given or refused."

Accepting the recital in the transcript as correct, which we are required to do, under the rule in the Mc-Donnell case, supra, we must hold that plaintiff's recital in the record proper under the heading "judgment" is incorrect, and that no peremptory instruction was filed or given. We have held above that the remark of defendant's counsel to the effect that "I do not think plaintiff has got a case" may not be accepted as a demurrer.

It is argued by defendant that even if the bill of exceptions actually shows the filing of a demurrer, the transcript before us fails to show any ruling of the court thereon.

We think this point well taken. The recital in the transcript herein is simply to the effect that the court intimated that a demurrer would be sustained. The rule is that a nonsuit under such circumstances is a voluntary nonsuit, and will not support appeal. [McDonnell v. Peck Dry Goods Co., supra.] In Greene County Bank v. Gray, 146 Mo. 568, 48 S. W. 447, the record stated: "After hearing all the evidence, the court having expressed the opinion that the law was for the defendant, and plaintiff could not recover on either count of its petition, plaintiff takes an involuntary nonsuit, with leave of the court to move to set aside the same." The Supreme Court held that the nonsuit was voluntary and the fact that it was called "involuntary" did not make it so. The court said:

"The plaintiff must be constrained to take his nonsuit by some adverse ruling of the court on the trial, which precludes a recovery in the case. No such adver-

sary ruling was made in this case, but on a mere expression of opinion by the court that the law of the case was with the defendant and an intimation that if the case was submitted the finding would be for the defendant upon both couunts of the petition, the plaintiff declined to go to adjudication and took a nonsuit. Such a nonsuit is necessarily voluntary and the court committed no error in refusing to set it aside. The whole burden of plaintiff's complaint here is that if the court had ruled as it intimated it would rule if the case was submitted, the court committed no error in refusing to set it aside. The whole burden of plaintiff's complaint here is that if the court had ruled as it intimated it would rule if the case was submitted, the court would have committed error. The plaintiff prevented the court from committing the very error of which it complains, by taking a nonsuit, and now asks us to convict the court of an error which it never committed. This of course we cannot do. We are here not for the purpose of trying hypothetical cases or reviewing the opinions of circuit judges, but their actual rulings as courts in given cases. The judgment of the circuit court is affirmed.''

To the same effect is the ruling in Lewis v. Mining Co., 199 Mo. 463, 97 S. W. 938, and McClure v. Campbell, 148 Mo. 96, 49 S. W. 881. The situation in the case at bar is tersely stated also in Diamond Rubber Co. v. Wernicke, 166 Mo. App. 128, 148 S. W. 160. In that case, as here, the court did not formally rule on the demurrer. In affirming the judgment the court said:

''A nonsuit will be deemed involuntary only when it is prompted by an adverse ruling of the court which is preclusive of a recovery by plaintiff. Until there is an actual ruling which puts a complete stop to any further progress on the part of the plaintiff he must keep going despite adverse rulings. It is held in a number of cases that where at the close of plaintiff's evidence the defendant asks an instruction in the nature of a demurrer to the evidence, and the court announces an intention to

give the instruction, a nonsuit taken before the ruling is made and exceptions saved thereto is voluntary." (Citing cases.)

The rule, established by a long line of decisions, is that where at the close of plaintiff's case defendant asks an instruction in the nature of a demurrer to the evidence and the court announces an intention to give the instruction, a nonsuit taken before the ruling is made and exceptions saved thereto is voluntary. In the case at bar plaintiff was not put out of action through an adverse ruling, since none was made against him. There being no ruling, it follows, as a matter of course, there was no exception saved, and without an exception duly taken and preserved in the record, there is nothing before this court for review. [Armstrong v. Dunn, 180 Mo. App. 123, 167 S. W. 1197; Carter v. O'Neill, 102 Mo. App. 391, 76 S. W. 717; Graham v. Parsons, 88 Mo. App. 385; Lucas v. Huff, 92 Mo. App. 369.]

For reasons herein expressed we hold the nonsuit herein was voluntary and that no appeal therefrom lies. It is therefore the duty of the court to affirm the judgment and it is so ordered.

*Bland, J.,* concurs in separate opinion; *Trimble, P. J.,* absent.

BLAND, J. (concurring):—I place my concurrence on the holding in the cases of McDonnell v. G. B. Peck Dry Goods Co., 228 S. W. 759, Lewis Mining Co., 199 Mo. 463, Greene County Bank v. Gray, 146 Mo. 568, McClure v. Campbell, 148 Mo. 96, and Carter v. O'Neill, 102 Mo. App. 391.