COUNTY OF PETTIS, to use of LILLIE F. MUCKEY, Appellant, v. WILL DeBOLD et al., Respondents.

Kansas City Court of Appeals. March 1, 1909.

1. DRAMSHOPS: Civil Damages: Habitual Drunkard: Husband and Wife: Witnesses. Section 3017, Revised Statutes 1899, is remedial and highly beneficent in its purposes, and in a civil action by a wife against a dramshop keeper for violating its provision in selling liquor to the husband, an habitual drunkard, such husband is a competent witness *ex necessitate rei* as well as on consideration to a public policy, and that there was another witness who could be called is wholly immaterial.

2. TRIAL AND APPELLATE PRACTICE: Exclusion of Evidence: Non-Suit: Delivery. Where the court excludes the evidence of the only witness plaintiff has as to the constitutive facts of the action on the ground of incompetency of such witness and plaintiff thereupon takes a non-suit with leave, such non-suit is not voluntary but involuntary; and an appeal will lie if proper exceptions are taken.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman*, Judge.

REVERSED AND REMANDED.

*Barnett & Barnett* for appellant.

(1)   The plaintiff's husband was a competent witness to testify in behalf of his wife in this case, notwithstanding the statute and the common law rule concerning his competency to testify in her behalf. He was a competent witness in this case on the ground of public

Pettis County v. DeBold.

policy, for if it be known, that a married man is a competent witness for his wife in a suit against a dramshop keeper for selling him liquor, this knowledge might to some extent at least, put a stop to the practice of selling intoxicating liquor to an habitual drunkard, after notice has been served not to sell, and if it be known that he is not a competent witness then it will be an easy matter for the dramshop keeper to evade the law by selling to such husband when no other witness is present. The only witness who can always know of the sale is the party who purchases it. Therefore, *ex necessitate rei,* and as a matter of public policy, the husband is a competent witness. Cramer v. Hert, 154 Mo. 120; Henry v. Sneed, 99 Mo. 407; Moeckel v. Heim, 134 Mo. 576; Railroad v. Martin, 41 Mich. 671; 1 Greenleaf on Evidence (14 Ed.), sec. 348; Ex parte Marmaduke, 91 Mo. 257. (2) The statute which forbids the husband to testify where the wife is the party is to receive an equitable interpretation whereby the letter of the act or section will be sometimes enlarged or sometimes restrained so as more effectually to meet the beneficial end in view and prevent a failure of the remedy. Cramer v. Hert, 154 Mo. 119. (3) The nonsuit taken in this case was compulsory, it was involuntary, and suffered on account of the adverse ruling of the court, which compelled the plaintiff to take a nonsuit. The only testimony which the plaintiff had to prove the sale of liquor was the evidence of the husband, which was excluded, and without this testimony the plaintiff could not proceed. Down v. Winters, 20 Mo. 361; Hart v. Rector, 7 Mo. 532; Nolan v. Shickle, 3 Mo. App. 300; State ex rel. v. Devitt, 107 Mo. 573; Rian v. Spaulding, 40 Mo. 165.

*C. C. Kelly* for respondents.

(1) The husband is not a competent witness in a suit in which the wife has any beneficial interest unless such suit is based upon, or grows out of, or is connected

with a business transaction conducted by such husband as the agent of the wife. R. S. 1899, sec. 4656; Oexner v. Lehr, 117 Mo. App. 709; White v. Chaney, 20 Mo. App. 389; Joice v. Branson, 73 Mo. 28; 1 Greenleaf on Evidence (16 Ed.), secs. 341, 347.. (2) A nonsuit taken before the court actually rules on the demurrer to the evidence is voluntary and no appeal lies. Lewis v. Mining Co., 199 Mo. 463; McClure v. Campbell, 148 Mo. 96; Adamson v. Railroad, 126 Mo. App. 127.

JOHNSON, J.—This action is prosecuted by the wife of an habitual drunkard against a licensed dramshop keeper and the sureties on his bond, to recover the penalty provided in section 3017, Revised Statutes 1899. At the trial, plaintiff took a nonsuit with leave to move to set the same aside and after her motion was overruled, brought the case here by appeal.

All the facts constitutive of the cause pleaded in the petition save one, either were admitted or were supported by evidence introduced by plaintiff. It was admitted that defendant was a dramshop keeper, and that he and his codefendants executed the bond pleaded, and it was shown that the husband was an habitual drunkard and that before the alleged sale, defendant had been served by plaintiff with a statutory notice not to sell or provide her husband with intoxicating liquors. But the evidence offered by plaintiff to prove the fact that defendant did provide her husband with intoxicating liquors in the face of the notice was rejected by the court on the objection of defendant and the propriety of that ruling is the principal question before us for solution. The evidence consisted of the deposition of Stephen D. Muckey, the habitual drunkard. He testified that on the date alleged, a detective named Moss invited him to go into defendant's dramshop and "have something." The invitation was accepted and the detective "treated" the witness who drank intoxicating

liquor furnished him by defendant on the order of the detective. The ground of the objection is that the witness was incompetent, being the husband of plaintiff. When the court sustained the objection, counsel for defendant said "to which ruling of the court we except, and state to the court we have no further evidence at hand by which we can prove that the defendant sold liquor to the plaintiff's husband." By counsel for defendant: "We object to having that go into the record for the reason that it appears here that it does have the witness Moss, referred to in the deposition, as a witness in this case, and he is in attendance here." By counsel for plaintiff: "If he is, he will not support the allegation of our petition." After the court excluded the deposition, counsel for plaintiff made the following announcement, without waiting for defendant to offer a demurrer to the evidence: "I will state now, in view of the adverse ruling of the court, we are unable to proceed with our case and are compelled to take an involuntary nonsuit with leave to move to set the same aside." The record goes on with the recitation "thereupon, the plaintiff took a nonsuit with leave to move to set the same aside and filed her motion to set the same aside as hereinbefore set forth."

Section 3017, Revised Statutes 1899, not only provides as penalties for the offense charged in the petition the forfeiture by the dramshop keeper to the wife of the habitual drunkard of a sum not less than fifty nor more than five hundred dollars to be recovered in a civil action and the forfeiture of the dramshop license of the offender, but also constitutes the offense a misdemeanor, and provides a fine "of not less than five nor more than one hundred dollars for each offense to be collected and paid into the county treasury for the use and benefit of the common school fund of such county."

This reference to the statute is made for the purpose of directing attention to the criminal nature of

the charge on which the present cause of action is predicated. The common law rule which disqualifies a married person from testifying as a witness in a case in which his spouse is interested as a party has been adopted and frequently applied in this State. Various reasons have been assigned for the rule, most, if not all of which, it must be confessed, are not logically sound. Sir Edward Coke placed the rule on the ground that "a wife cannot be produced either for or against her husband *quia sunt duae animae in carna una.*" Other judges have expressed the idea that the close relationship would be so great an incentive to the commission of perjury by the witness as to deprive his testimony of evidentiary value, while still others seem to think that to suffer one spouse to testify for or against the other would tend strongly to provoke domestic discord and infelicity. The common law doctrine generally accepted thus is stated by Greenleaf (1 Greenleaf on Evidence (16 Ed.), sec. 334) : "The rule by which parties are excluded from being witnesses for themselves applies to the case of husband and wife; neither of them being admissible as a witness in a cause. civil or criminal, in which the other is a party. This exclusion is founded partly in the identity of their legal rights and interests, and partly on principles of public policy, which lie at the basis of civil society. For it is essential to the happiness of social life that the confidence subsisting between husband and wife should be sacredly protected and cherished in its most unlimited extent; and to break down or impair the great principles which protect the sanctities of that relation would be to destroy the best solace of human existence. The principle of this rule requires its application to all cases in which the interests of the other party are involved."

It is apparent the accepted reasons for the rule are founded on considerations of public policy as are also the common law exceptions to the rule. These excep-

tions embrace cases of personal injuries committed by the husband or wife against the other. In such cases "the injured party is an admissible witness against the other." [1 Greenleaf on Evidence (16 Ed.), sec. 343.] By the provisions of section 4656, Revised Statutes 1899, another exception is added, viz.: "In cases where a married person is employed as agent for his spouse in the transaction in question, he is not disqualified as a witness." But our Supreme Court has enlarged the exceptions beyond those noted without doing violence, we think, to the principle underlying the rule and the exceptions thereto recognized by the common law writers. A fundamental and dominating principle of evidence has been resorted to for the support of these new exceptions. Subordinate rules of evidence "are silenced by the most transcendent and universal rule that in all cases, that evidence is good than which the matter of the subject presumes none better to be attainable." [Cramer v. Hurt, 154 Mo. l. c. 118, quoting Greenleaf (14 Ed.), section 348.] Thus in Henry v. Sneed, 99 Mo. 407, it was held (we quote from the syllabus) : "In a suit to enjoin the enforcement of a deed of trust securing upon the wife's land certain notes given by the husband in a transaction for the sale of property induced by fraud, the husband may testify as to conversations had with the fraud-feasors, and the husband and wife may testify as to conversations between themselves as to the transaction, as part of the *res gestae,* and also on the ground of fraud, and this, *ex necessitate rei.*"

And in Moeckel v. Heim, 134 Mo. 576, it was said, "that where the husband is made the conduit and mouthpiece of the fraud of others, and in furtherance of that fraud prevails upon his wife to sign a note and incumber her property, that there a court of equity, in the absence of other evidence, in order to unearth that fraud and to expose it in all of its details, will, *ex necessitate rei,* and upon a familiar common law prin-

ciple, respecting evidence of fraud, permit both husband and wife to testify as to the conversations had between them in regard to the transaction."

In Cramer v. Hurt, supra, this doctrine was given further application. There a husband sued a physician for damages occasioned by an abortion performed on his wife by the physician. Held that the wife was a competent witness to testify to the fact that defendant had performed the operation. Two principal reasons for the ruling were assigned, both of which may be said to rest on considerations of public policy. First, that of necessity, to which belonged the class of cases under review. The offense being a crime of a revolting character, it would be presumed that knowledge of the act would be confined to the participants in it and if one of them were disqualified from giving testimony, it would contravene the principle we have stated "that in all cases that evidence is good than which the matter of the subject presumes none better to be attainable." The second reason is stated in this language: "Moreover, we think Mrs. Cramer is a competent witness in the case on general grounds of public policy, for if it be known that a married woman is a competent witness for her husband in a suit for damages by him against a physician who produces an abortion upon her without the consent of her husband, in consequence of which her health is injured and he is deprived of her services to which he is entitled by law, and expenses are entailed upon him in her nursing and for medical treatment, it might to some extent, at least, put a stop to such revolting and unnatural practices."

In the present case the offense charged against defendant is criminal in its nature and is one that the law which takes notice of the common traits of human nature would presume would be committed only in the most clandestine manner. The appetite of the habitual drunkard for intoxicating liquor is so strong that it will impel him to have recourse to every device and

stratagem to satisfy its cravings. Naturally, the dram-
shop keeper, who would sell or give liquor to such a
person after receiving the notice provided by statute,
would take every precaution to escape detection and the
heavy penalties imposed by law. In the vast majority
of instances, the act necessarily would be known to
none but the drunkard and the dramshop keeper, and
if the disqualifying rule should apply to the former,
the evil and demoralizing practice condemned by the
statute might be indulged in with impunity. The law
is remedial and highly beneficent in purpose and should
we emasculate it by applying the rule invoked by de-
fendant, we would do violence to the fundamental rule
of evidence to which we have twice referred. The ne-
cessity of the case as well as considerations of public
good, compel us to hold that the evidence should have
been admitted. It is immaterial whether another wit-
ness to the offense was available to plaintiff. The de-
cisive question is whether the evidence offered is ad-
missible in the class of cases to which the one in hand
belongs, not whether other evidence might have been
obtained in the particular case.

We do not agree with defendant that the nonsuit
taken by plaintiff was voluntary. The rejection of the
deposition left her without proof of one of the elemental
facts of her cause of action. The ruling precluded a
recovery and entitled her to stop at that point and take
a nonsuit. Her action was compulsory, not voluntary,
and a careful analysis of the opinion in Lewis v. Min-
ing Co., 199 Mo. 463, demonstrates that the views there
entertained are not inconsistent with what we are say-
ing. In that case, the plaintiff was not put out of
action by an adverse ruling on a question of evidence,
but after the evidence was in, took a nonsuit on the
mere intimation of the judge that he intended to sus-
tain a demurrer to the evidence. It was held that until
the court ruled on the demurrer, no exception could
be taken and preserved in the record and without an

exception, the appellate court could not review the ruling. Here an exception was taken to the ruling of the court on the question of the admissibility of the deposition and, as we have said, that ruling made it impossible for plaintiff to recover.

The judgment is reversed and the cause remanded. All concur.