CHARLES F. NETZOW MANUFACTURING COMPANY, Appellant, v. J. W. BAKER, Respondent.

Kansas City Court of Appeals, May 17, 1909.

TRIAL AND APPELLATE PRACTICE: Nonsuit: Instruction: Issue of Fact. At the close of the evidence in an action of replevin involving the question of sale by a factor, the court submitted to the jury the question whether the factor had in fact sold the property to the defendant upon which issue there was substantial evidence for the plaintiff. The plaintiff took a nonsuit. *Held*: the nonsuit was voluntary and plaintiff could not appeal.

Appeal from Jasper Circuit Court.—*Hon. Haywood Scott,* Judge.

AFFIRMED.

*H. L. Shannon* for appellant.

(1) A factor has no power to transfer the title of his principal to goods consigned to him for sale, in payment of a precedent debt due from himself, and a creditor who receives the goods under such an arrangement, though acting in good faith, and in ignorance of the fact that the goods do not belong to the factor, acquires no title, as against the principal. Warner v. Martin, 11 Howard (U. S.) 224; Potter v. Dennison, 10 Ill. 590; 12 Am. and Eng. Ency. Law (2 Ed.), p. 697, note; 19 Cyc. 174, 175. (2) In the following Missouri cases the same rule is announced, though in connection with a different state of facts. Benny v. Pegram, 18 Mo. 191; Benny v. Rhodes, 18 Mo. 147; Wheeler & Wilson v. Given, 65 Mo. 89. (3) Where the instruction or rulings of the court are such as to preclude a recovery, the plaintiff may take a nonsuit with leave to move to set the same aside. Overall v. Ellis, 32 Mo. 322; Martin v. Fewell, 79 Mo. 401; Dunnevant v. Mocksound, 122 Mo. App. 428.

*T. C. Tadlock* for respondent.

(1) In this case the plaintiff was not precluded from a recovery by the instructions given by the court to the jury or by any other action of the court, and plaintiff was under no necessity to take a non-suit, hence the appellate court will not interfere. Hageman v. Moreland, 33 Mo. 86; Layton v. Riney, 33 Mo. 87. (2) The instructions given by the court based upon the respective evidence of witness Robertson and the defendant Baker, submitted to the jury the question whether or not the defendant purchased the pianos and

stools in question from the said Robertson and was thereby the lawful owner and entitled to the possession of the same at the time this suit was instituted. Plaintiff's nonsuit therefore was a voluntary one and his appeal cannot be maintained. Williams v. Finks, 156 Mo. 597, and other cases there cited. Hageman v. Moreland, 33 Mo. 86; Layton v. Riney, 33 Mo. 87; Poe v. Dominic, 46 Mo. 118; State ex rel. v. Gaddy, 83 Mo. 138. (3) In this case plaintiff took a voluntary nonsuit and he cannot appeal from his own voluntary action. Graham v. Pearson, 88 Mo. App. 385; Chouteau v. Rowse, 90 Mo. 191; Holdridge v. March, 28 Mo. App. 283. (4) In this case under instructions given by the court there was an issue submitted to the jury, and the rule is well settled in this State that if anything substantial is left in a case on which a party can stand, he must proceed to the final hearing of the whole. Schneider v. Kirkpatrick, 72 Mo. App. 103; Chiles v. Wallace, 83 Mo. 93; Loring v. Cooke, 60 Mo. 566; Schulter v. Bockwinkle, 19 Mo. 647; Koger v. Hays, 57 Mo. 329; Railroad v. Mitchel, 20 Mo. 432; Kirby v. Bruns, 45 Mo. 234.

JOHNSON, J.—Action in replevin to recover the possession of two pianos and two piano stools. A trial resulted in a judgment for defendant and the cause is here on the appeal of plaintiff. The facts of the case are as follows: Plaintiff, a manufacturer of pianos at Milwaukee, Wisconsin, consigned the property in controversy to a factor in Jasper county, for sale in the usual course of business. Afterward the factor entered into a contract with defendant by the terms of which he agreed to buy a stock of merchandise of defendant and to exchange therefor certain real property. Further he agreed to pay defendant the excess, if any, of the invoiced value of the merchandise over the agreed value of the real estate. An invoice of the goods fixed the amount of such excess at about $5,000, and payment

thereof was made by the transfer by the factor to defendant of a stock of goods owned by him. The pianos and stools were in the last-mentioned stock and were turned over to defendant who did not know that the factor did not own them. Defendant testified that they were sold to him by the factor for $510, and were received at that price in partial payment of the remainder due defendant on the purchase price of the stock he sold the factor. This was denied by the factor who was introduced as a witness by plaintiff. He testified that he did not sell the pianos and stools to defendant, that he merely left them in the custody of the defendant because he did not have time to move them out of the building and that afterwards, defendant promised to buy and pay for them, but still later, refused to do so.

At the conclusion of the evidence, plaintiff asked the court to instruct the jury that "if the plaintiff in this case consigned the pianos and piano stools in controversy to John C. Robertson for sale, and never sold or transferred the same to the said Robertson, and while the same were in the hands of the said Robertson, he, the said Robertson, sold and delivered the same to defendant in this case for and in consideration of an indebtedness of the said Robertson to the defendant, or for and in consideration and in part payment of a stock of goods which the defendant sold and delivered to the said Robertson, then your verdict should be for the plaintiff, and it makes no difference that the defendant had no knowledge of the fact that Robertson was not the owner of the goods."

The court refused this instruction and on its own motion instructed the jury "that if you believe and find from the evidence, that the plaintiffs consigned and shipped the pianos and stools in question to the witness J. C. Robertson, to be sold by him, and that thereafter the defendant Baker in good faith bought the same from the said J. C. Robertson, who was at the time in

the possession of the same, paying therefor a valuable consideration, then and in that event your finding should be for the defendant." Dissatisfied with this instruction, plaintiff took a nonsuit with leave to move to set the same aside, whereupon the court discharged the jury and entered judgment for defendant.

We shall concede for argument that the instruction given by the court was erroneous, but this concession is of no benefit to plaintiff, since the conclusion is irresistible that this cause is not before us for review. A voluntary nonsuit ends the case, and when taken by plaintiff will not permit the prosecution of an appeal from the judgment rendered thereon. A nonsuit will be deemed involuntary only when it is prompted by an adverse ruling of the court which is preclusive of a recovery by plaintiff. "It is only when the ruling of the court is such as strikes at the root of the case and precludes the plaintiff from a recovery that we will undertake to review the action of the court below after a voluntary nonsuit. A contrary practice would encourage parties to appeal upon every trivial decision of the court and thus keep the matter in controversy in endless litigation." [Layton v. Riney, 33 Mo. 87; Hageman v. Moreland, 33 Mo. 86; Williams v. Finks, 156 Mo. 597; Poe v. Dominic, 46 Mo. 113; State ex rel. v. Gaddy, 83 Mo. 138; Chouteau v. Rowse, 90 Mo. 191; County to use v. DeBold, 117 S. W. 88.]

The instruction did not preclude a recovery by plaintiff but submitted to the jury an issue of fact contested in the evidence. The jury might have believed the statement of the factor that he did not sell the property in dispute to defendant and if they believed that statement, the instruction made it their duty to return a verdict for plaintiff, provided they should find further that the property was consigned by plaintiff for sale. The mere apprehension of the plaintiff that the jury would not believe its evidence which was of a substantial character afforded no ground for the con-

clusion that it was compelled to take a nonsuit. We must hold that the action of plaintiff was voluntary, not compulsory, and therefore, that the appeal is without legal foundation.

The judgment is affirmed. All concur.