HARRIET ALLEN, Appellant, v. METROPOLITAN STREET RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, February 21, 1910.

1. **NONSUIT: Exception: Instruction.** If the trial court grants a peremptory instruction directing a verdict and the party against whom it is given takes a nonsuit, but does not except to the instruction, there is nothing to review in an appellate court.

2. ————: ————: ————. An exception saved to overruling a motion to set aside the nonsuit and grant a new trial, will not suffice.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback*, Judge.

AFFIRMED.

*E. W. Shannon* and *M. A. Fyke* for appellant.

Plaintiff made out a *prima facie* case; it was shown that no alarm bell was rung as the car went around the curve; that this curve was dangerous and no watchman was stationed there; that the car went around this curve at an unreasonable rate of speed; that had the motorman kept an outlook for pedestrians he could have seen Mr. Allen on or approaching the track and could have avoided injuring him; that even going at eight miles an hour, the motorman could have stopped his car within ten feet, and had he been going at two to three miles an hour he could have stopped his car in two or three feet.   Ross v. Railroad, 113 Mo. App. 600; Weller v. Railroad, 164 Mo. 180; Fearons v. Railroad, 180 Mo. 208; Moore v. Transit Co., 95 Mo. App. 728; Riska v. Depot Co., 180 Mo. 187; Hutchinson v. Railroad, 161 Mo. 246; Deitring v. Transit Co., 109 Mo. App. 524; Aldrich v. Transit Co., 101 Mo. App. 77; Koenig v. Depot Co., 173 Mo. 698; Linder v. St. Louis Transfer Co., 103 Mo. App. 574; Holden v. Railroad, 177 Mo. 456; Klockenbrinck v. Transit Co., 172 Mo. 678; Schafstette v. Railroad, 175 Mo. 142; Bueshing v. Gas Light Co., 73 Mo. 219; Cahill v. Railroad, 205 Mo. 393; Dacan v. Chase, 197 Mo. 254; Goff v. Transit Co., 199 Mo. 706; Yongue v. Railroad, 133 Mo. App. 141; Charlton v. Railroad, 200 Mo. 441; Murray v. Transit Co., 108 Mo. App. 501; Eckhard v. Transit Co., 190 Mo. 593; Rapp v. Transit Co., 190 Mo. 144; Cole v. Railroad, 121 Mo. App. 611; Hertz v. Railroad, 115 Mo. App. 672; Priesmeyer v. Transit Co., 102 Mo. App. 518; Montgomery v. Railroad, 181 Mo. 477; Waddell v. Railroad, 113 Mo. App. 680; Frank v. Transit Co., 99 Mo. App. 323; Cytron v. Transit Co., 205 Mo. 692.

*John H. Lucas* and *F. G. Johnson* for respondent.

(1)   The evidence fails to show how deceased met his death.   The court properly sustained defendant's

demurrer.   Knapp, etc., Co. v. Joy, 9 Mo. App. 50;
Nolan v. Schickle, 9 Mo. App. 306; Schultz v. Railroad,
36 Mo. 32; Peck v. Railroad, 31 Mo. App. 126; Stokes
v. Burns, 132 Mo. 223; Glick v. Railroad, 57 Mo. App.
97; Walton v. Railway, 32 Mo. App. 634; Warner v.
Railroad, 178 Mo. 132.   (2)   A verdict founded up-
on mere conjecture or possibilities or probabilities,
however reasonable, will not be permitted to stand.
Bank v. Railroad, 98 Mo. 330; Demaet v. Storage,
Packing and Moving Co., 121 Mo. App. 92; Kraezel
v. Railroad, 181 Mo. 397.   (3)   Where evidence of lia-
bility is vague, the court should not submit the case to
the jury.   Farber v. K. C., etc., Co., 185 Mo. 301.   (4)
If the negligence of an injured person is contempor-
aneous with his injury, he cannot recover.   Culbertson
v. Railroad, 140 Mo. 135; Asphalt Co. v. Transit Co.,
102 Mo. App. 469; Cogan v. Railroad, 101 Mo. App.
179; Higgins v. Railroad, 197 Mo. 300.   (5)   After the
evidence of plaintiff was in, the petition was amended
so that prayer of the petition was for forty-four hun-
dred dollars.   The petition under the law did not state
a cause of action for which in any event she could be
entitled to recover that sum, not asking for any sum
which under the law she could recover she could not and
did not make a case to go to the jury and the demurrer
should have been sustained for that reason.   Casey v.
Transit Co., 205 Mo. 721; Walker v. Martin, 8 Mo. App.
561.

ELLISON, J.—Plaintiff's husband died from in-
juries which she alleges were inflicted by one of de-
fendant's street cars, through the negligence of defend-
ant's servants who were operating the car.   At the close
of the evidence for plaintiff, defendant offered a per-
emptory instruction directing a verdict for it, which the
court gave, and plaintiff took a nonsuit.

An examination of the record satisfies us that
while there was evidence which would tend to show

that deceased was struck by the. car there was none whatever to show negligence on the part of the defendant. Whatever legitimate or reasonable inference could be drawn from it tended to show negligence on the part of deceased whereby he was unavoidably struck by the car.

We need not go into any discussion of the questions presented, or the theories advanced by plaintiff, since, whether right or wrong, nothing has been preserved by the record for our review. As already stated, the court gave an instruction directing a verdict for defendant. The plaintiff did not except to that action of the court, but took a nonsuit. There is therefore nothing before us for consideration. [Lewis v. Mining Co., 199 Mo. 463; Carter v. O'Neill, 102 Mo. App. 391.]

It is true that there was an exception taken to the overruling the motion to set aside the nonsuit and grant a new trial; but that is not sufficient. [McClure v. Campbell, 148 Mo. 96.]

The judgment is affirmed. All concur.