THEODORE BUSHYAGER, by his Next Friend, JOSEPHINE BUSHYAGER, Appellant, v. HAMMOND PACKING COMPANY, Respondent.

Kansas City Court of Appeals, April 4, 1910.

PRACTICE: Nonsuit: Voluntary or Involuntary.  At the conclusion of plaintiff's evidence, the defendant asked the court to peremptorily instruct the jury to return a verdict for defendant.  The court announced that he thought the instruction ought to be given, but before he had given the same plaintiff took a nonsuit with leave to move to set the same aside.  No exception was saved (because there was no ruling to except to).  The nonsuit was voluntary, and no appeal would lie from the overruling of the motion to set it aside.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin,* Judge.

AFFIRMED.

*Mytton & Parkinson* for appellant.

*O. C. Mosman* and *Vinton Pike* for respondent.

It is familiar law that one cannot appeal from a judgment to which he has given his consent, and consent is implied, if exception is not taken at the time in cases

where the objection must be embodied in an exception. Critchfield v. Linville, 140 Mo. 191. A demurrer to evidence has not been made a matter of record for many generations. Suydam v. Williamson, 20 How. 441. And the practice is to set forth the evidence in the form of an exception to the action of the court adjudging it insufficient to support the action. The exception is the all important thing although the evidence may be the bulkiest. Gee v. Railroad, 140 Mo. 314; Waller v. Railroad, 83 Mo. 609; Hinrichs v. Hinrichs, 84 Mo. App. 27; Frick Co. v. Marshall, 86 Mo. App. 463; August Gast, etc., v. Fennimore Assn., 84 Mo. App. 228; Lucas v. Huff, 92 Mo. App. 369.

JOHNSON, J.—Action by a servant against his master to recover damages for personal injuries alleged to have been caused by the negligence of the master. The answer is a general denial.

The record proper recites that "at the conclusion of all the evidence on the part of the plaintiff, comes now the plaintiff by his attorneys and takes a nonsuit with leave to move to set the same aside and the jury is now discharged from further consideration of this cause." The bill of exceptions shows the following proceedings:

"Counsel for plaintiff: 'The plaintiff rests, Your Honor.'

"Counsel for defendant: 'We offer a demurrer and would like to be heard on it.'

"The counsel then argued the demurrer.

"The Court: 'I think this instruction in the nature of a demurrer ought to be given.'

"Counsel for plaintiff: 'We will take a nonsuit with leave to move to set the same aside.'"

Afterward plaintiff moved that the nonsuit be set aside and a new trial granted, and excepted to the overruling of that motion, but it will be noted that in the proceedings above quoted he did not wait for the court

*to give a peremptory instruction* directing a verdict for defendant, but on the bare suggestion of the judge that he thought such instruction should be given, took a nonsuit. No exception was preserved for the reason, no doubt, that there was no *ruling* on which to found an exception.

Recently we held in Manufacturing Co. v. Baker, 137 Mo. App. l. c. 674:

"A voluntary nonsuit ends the case, and when taken by plaintiff will not permit the prosecution of an appeal from the judgment rendered thereon. A nonsuit will be deemed involuntary only when it is prompted by an adverse ruling of the court which is preclusive of a recovery by plaintiff. 'It is only when the ruling of the court is such as strikes at the root of the case and precludes the plaintiff from a recovery that we will undertake to review the action of the court below after a voluntary nonsuit. A contrary practice would encourage parties to appeal upon every trivial decision of the court and thus keep the matter in controversy in endless litigation.' [Layton v. Riney, 33 Mo. 87; Hageman v. Moreland, 33 Mo. 86; Williams v. Finks, 156 Mo. 597; Poe v. Dominic, 46 Mo. 113; State ex rel. v. Gaddy, 83 Mo. 138; Chouteau v. Rowse, 90 Mo. 191; County to use v. DeBold, 136 Mo. App. 265.]"

The nonsuit in the present case was voluntary. [Pettis Co. to use v. DeBold, supra; Lewis v. Mining Co., 199 Mo. 463.] In the Lewis case, the record recited: "Thereupon the plaintiff rested his case and the defendant asked the court to give an instruction to the jury in the nature of a demurrer to plaintiff's case and upon the court declaring his intention to give said instruction, the plaintiff took a nonsuit with leave to set the same aside." Held by the Supreme Court insufficient to show an involuntary nonsuit and further "that there is no exception in the record made and saved at the proper time to save the point for review here."

That case cannot be distinguished from the case at bar and its rule applied here compels us to affirm the judgment. It is so ordered. All concur.