IDA M. ARNOLD, Appellant, v. AETNA LIFE
INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, November 25, 1912.

1. **PRACTICE, TRIAL: Exceptions: Peremptory Instructions.**
Where the court, at the close of the evidence, gives a peremptory instruction to the jury and no exception is taken thereto, and an involuntary nonsuit taken which the court, on motion, refused to set aside, there is nothing for the appellate court to review.

2. **NONSUIT: Saving Exceptions.** The failure to save an exception to the ruling of the court in giving a peremptory instruction precluded the taking of an involuntary nonsuit.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich*, Judge.

AFFIRMED.

*Ed. E. Aleshire* for appellant.

*Rosenberger & Reed* for respondent.

JOHNSON, J.—This is an action on a policy of accident insurance. The court with the aid of a jury proceeded to try the issues raised by the pleadings and at the conclusion of the evidence gave a peremptory instruction to the jury to return a verdict for defendant. Plaintiff did not except to the giving of this instruction but took "an involuntary nonsuit with leave given to move to set the same aside" and the court discharged the jury. Afterward plaintiff filed a motion to set aside the nonsuit, the court overruled the motion and plaintiff excepted to that ruling and appealed.

There is nothing in the record for us to review. The failure of plaintiff to save an exception to the ruling of the court in giving the peremptory instruc-

tion precluded her from taking an involuntary non-suit and we must regard the nonsuit as voluntary. As is said by BROADDUS, J., in Carter v. O'Neill, 102 Mo. App. 391: "All the authorities in this State are to the effect that a party, in order to have adverse rulings reviewed in an appellate court, must except to such rulings. For his failure below in that respect plaintiff is not entitled to an appeal." [Lewis v. Mining Co., 199 Mo. 463.]

The exception afterward taken to the ruling on the motion to set aside the nonsuit could not and did not relate back to the ruling on the peremptory instruction and provide an exception to that ruling nor convert into an involuntary nonsuit one that had become irretrievably stamped as voluntary. [Allen v. Railway, 141 Mo. App. 586; Bushyager v. Packing Co., 142 Mo. App. 311.]

The judgment is affirmed. All concur.