ELLEN McFARLAND v. PATRICK J. O'REILLY and
WILLA SHARP, Appellants.

Division One, May 23, 1925.

1. **NONSUIT: Voluntary.** A nonsuit to be involuntary must be taken as the result of an adverse ruling actually made. A recital in the record that "an instruction in the nature of a demurrer was offered and thereupon the plaintiff took an involuntary nonsuit" does not show any ruling on the demurrer, and a recital in the motion to set aside the nonsuit that "the court expressed the opinion that under the evidence in this case a demurrer, which had been filed by the defendant, should be sustained," did not alter the fact that the

McFarland v. O'Reilly. ·

nonsuit was voluntary; neither did the recital in the record that plaintiff took an "involuntary nonsuit" make the nonsuit involuntary.

2. ————: Appeal. The statute (Sec. 1469, R. S. 1919) authorizes an appeal from an order setting aside an involuntary nonsuit, but not from an order setting aside a voluntary nonsuit. The distinction is that upon an involuntary nonsuit a final judgment disposing of the issues may be rendered, and an order sustaining a motion to set it aside is in effect the granting of a new trial, from which an appeal lies; whereas a voluntary nonsuit is not a final judgment, nor does the statute provide for it, but is equivalent to voluntary dismissal, and an order sustaining a motion to set it aside is in effect a re-instatement of the case on the docket.

Citations to Headnotes: Headnote 1: Appeal and Error, 3 C. J. sec. 336: Headnote 2: Appeal and Error, 3 C. J. sec. 336; Dismissal and Nonsuit, 18 C. J. secs. 72, 156.

Appeal from Jackson Circuit Court.—*Hon. Thad B. Landon*, Judge.

DISMISSED.

*Morgan, Rogers & Buzard* for appellants.

(1)   The nonsuit taken by the plaintiff was a voluntary and not an involuntary nonsuit. Greene Co. Bank v. Gray, 146 Mo. 568; Chiles v. Wallace, 83 Mo. 84; Gray v. Ward, 234 Mo. 291.   (2)   The nonsuit being a voluntary nonsuit the plaintiff would have no right of appeal and amounted to a voluntary dismissal of her cause of action against both defendants. Koger v. Hays, 57 Mo. 329; McClure v. Campbell, 148 Mo. 96; Carter v. O'Neill, 102 Mo. App. 391; State ex rel. v. Mo. Pac. Ry. Co., 149 Mo. 104; Thompson v. Wendling, 219 S. W. 671.

*J. M. Fisher* for respondent.

(1)   Sec. 1469, R. S. 1919, is the only authority on which appeals may be taken. The appeal taken by appellant in this case is not within the purview of this statute. The appellant does not contend that the action

of the court was a final judgment in this case, neither was it a special order after final judgment in the case, the defendant never having offered any evidence and the cause never having been finally submitted. Marsala v. Gentry, 232 S. W. 1048; State ex rel. v. Arnold, 197 Mo. App. 6. (2) The action of the trial court is sustaining plaintiff's motion to set aside the non-suit could not in any sense be termed "the granting of a new trial," since there had not been a trial of the issues, because plaintiff (according to appellant's theory) dismissed her suit before she was forced out of court. Therefore this was not a non-suit, but a straight-out dismissal by plaintiff. (3) There is no difference in the principle of law involved on this appeal than there is where plaintiff permits his case to be dismissed for want of prosecution and upon a motion and showing for re-instatement during the term the court reinstates the case. No one would contend, not even the appellant, that such an order of the court in reinstating a case was one from which an appeal would lie.

LINDSAY, C.—This is an appeal, taken by the defendants, from an order setting aside a nonsuit taken by the plaintiff. The plaintiff sued defendant O'Reilly, as the owner of an apartment building in Kansas City, and defendant Sharp as janitress employed by O'Reilly at said building, and charged that the latter, while acting within the scope of her employment and about her master's business, "unlawfully, willfully, maliciously and feloniously" committed an assault upon plaintiff, and struck the plaintiff, whereby she was greatly injured. The plaintiff asked for $5,000 as compensatory damages, and for the same sum as punitive damages. O'Reilly, after a general denial, pleaded that if plaintiff sustained any injuries they were due to her own carelessness and negligence in provoking a quarrel with defendant Sharp by using insulting and abusive language to her, thus bringing on a personal encounter; that any injuries sustained by plaintiff were the result of such personal en-

counter, and were not received in pursuance or furtherance of the business of defendant O'Reilly, and were not acts committed by defendant Sharp within the scope of her employment. Defendant Sharp filed a general denial, and there was a reply to these answers. The case was taken up for trial to a jury.

The plaintiff introduced her evidence, and rested her case. The defendants offered a demurrer. In view of the issue to be determined the record of the subsequent proceedings is set out. The entry shown is as follows:

"Now on this day again come the parties and the jury herein and at the conclusion of the evidence on behalf of plaintiff, defendants offered an instruction in the nature of a demurrer, and thereupon the plaintiff took an involuntary nonsuit with leave to move to set the same aside. It is ordered that the said jury be and they are discharged from any further consideration of this cause. Wherefore it is ordered and adjudged by the court that plaintiff take nothing by her action in this behalf and that defendant go hence without day and recover from plaintiff and her sureties on the cost bond J. M. Fisher and Wm. Bostian the cost of the cause and have hereof execution."

Two days later at the same term, as shown by the bill of exceptions, the plaintiff filed her motion to set aside the nonsuit, and for grounds for her application plaintiff stated: "That the court expressed the opinion that under the evidence in this case a demurrer, which had been filed by the defendant Patrick J. O'Reilly should be sustained, which fact made it necessary for plaintiff to either proceed against the defendant Willa Sharp alone, or take said nonsuit, and that the court was in error in holding under the evidence introduced by the plaintiff that the defendant Patrick J. O'Reilly was not liable for the assault made on plaintiff."

Later, at the same term, the motion was sustained, to which action the defendants excepted, and afterward, and at the same term, the defendants were allowed an ap-

peal from said order. The evidence introduced by the plaintiff is not brought here by the bill of exceptions.

The appeal taken by the plaintiff was prayed as "an appeal from the final order in said cause, sustaining plaintiff's motion to set aside the nonsuit, taken in said cause by the plaintiff." The plaintiff has filed here a motion to dismiss the appeal upon the ground that the order of the court in sustaining plaintiff's motion to set aside the nonsuit is not one from which an appeal will lie. The motion to dismiss was submitted with the case.

The defendants insist that the nonsuit taken by plaintiff was a voluntary nonsuit, and plaintiff, for the purposes of the motion to dismiss the appeal, admits that it was voluntary, but otherwise insists that it was an involuntary nonsuit. The record here does not show any objection made or exception saved by the plaintiff at the time the demurrer was offered. The bill of exceptions contains nothing more than that which has been heretofore indicated.

I. It is well settled by many decisions of this court and of the Courts of Appeals that a nonsuit to be involuntary must be taken as the result of adverse ruling actually made. [Greene County Bank v. Gray, 146 Mo. 568; McClure v. Campbell, 148 Mo. 96; Lewis v. Mining Co., 199 Mo. 463; Bushyager v. Packing Co., 142 Mo. App. 311; Diamond Rubber Co. v. Wernicke, 166 Mo. App. 128.] The record entry here shows merely that the instruction was "offered," and that "thereupon" the plaintiff took the nonsuit, and the farther statement in plaintiff's motion is, that the "court expressed the opinion," that it should be sustained as to defendant O'Reilly. Under the rule stated in the cases cited the nonsuit was voluntary. It was said in Greene County Bank v. Gray, and reiterated in Lewis v. Mining Co., 1. c. 467, that to simply call a nonsuit involuntary did not make it so.

II. The right of appeal is governed by statute (Sec. 1469, R. S. 1919). The right of appeal from an order

setting aside an involuntary nonsuit was discussed and determined in State ex rel. Cass Co. v. Mo. Pac. Ry. Co., 149 Mo. 104, and in Coatney v. St. Louis & S. F. Ry. Co., 151 Mo. 35. The right was sustained upon the ground that an involuntary nonsuit was the product of adverse rulings made, which covered the case, and precluded a recovery; that a judgment on such a nonsuit was the consummation of a trial of the case and that the setting aside of such judgment and granting another trial upon the issues thereof was "granting a new trial" within the meaning of the statute. The rule is otherwise where the nonsuit was voluntary. In Holdridge v. Marsh, 28 Mo. App. 1. c. 286, it was said:

"It is a general rule of law that no appeal will lie from a voluntary nonsuit (Chouteau v. Rowse, 90 Mo. 191).; and it can make no difference whether such an appeal is attempted to be prosecuted by the plaintiff or by the defendant. The plaintiff cannot appeal from such a judgment of nonsuit, because it is his own voluntary act; the defendant cannot appeal from it, because he is not aggrieved by it within the meaning of the statute allowing appeals. Nor can he appeal from the order re-instating the cause, for that is not a final disposition of the cause." That opinion was approved and followed by this court in Turr v. Terminal Railroad, 277 Mo. 235, a case wherein the plaintiff had taken a voluntary nonsuit, which the court set aside, re-instating the cause. The court overruled the defendant's motion to vacate the order of re-instatement, and defendant appealed. After reference to the statute governing appeals, Faris, J., said at page 238: "It is fairly obvious that an appeal from the action of the circuit court in refusing to set aside an order re-instating upon the docket a case wherein, at the same term, a voluntary nonsuit was taken, does not fall within any of the classes of cases mentioned in the statute, supra. In short, it is neither a final judgment, nor is it provided for, or to be found either expressly or impliedly among any of the orders set out in the statute from which an appeal lies. [Hold-

ridge v. Marsh, 28 Mo. 263; 3 C. J. 504.] Since appeals are matters which are wholly governed by statute, it follows that where there is no statute allowing an appeal, no appeal will lie. [Miller v. Transit Co., 216 Mo. 99; Bussiere's Admr. v. Sayman, 257 Mo. 303; Holdridge v. Marsh, supra.]'' It was held that the appeal was prematurely taken, and it was dismissed. What was said in those cases is applicable here. The defendants' appeal in this case is premature, and the motion to dismiss is sustained, and the appeal dimissed. *Seddon, C.,* concurs.

PER CURIAM:—The foregoing opinion of LINDSAY, C., is adopted as the opinion of the court. All of the judges concur, except *Atwood, J.,* not sitting.