HOGAN-SUNKEL HEATING COMPANY, Appellant, v. JOHN T. BRADLEY ET AL.—7 S. W. (2d) 255.

Division Two, May 25, 1928.

*Jourdan & English* for respondents.

*Wurdeman, Stevens & Hoester* for appellant.

WALKER, J.—This is a suit brought by the plaintiff against the defendants, consisting of individuals and corporations, for damages alleged to have been incurred by the plaintiff through the instrumentality and active interference of the defendants, individually and collectively, in preventing the plaintiff from complying with and performing certain contracts entered into by the plaintiff in the sale, construction and installation of heating and power plants in the city of St. Louis. The defendants are engaged in the same line of business as the plaintiff and are members of a voluntary organization known as the Heating & Power Contractors Association. It is alleged that the defendants, acting through this voluntary organization, conspired and confederated together to prevent and did prevent the plaintiff from the employment of the labor necessary to enable him to perform the contracts he had entered into and which conspiracy and interference have caused him great loss and deprived him of much legitimate business, as set forth in the different counts of his petition. In view of the necessary disposition of this case under the record, a further statement of the facts becomes unnecessary.

Called for trial in the Circuit Court of the City of St. Louis upon the issues joined before a jury, the plaintiff introduced testimony in his own behalf. "At the close of the same the defendants requested the court to give and read to the jury an instruction in the nature of a demurrer to the evidence, directing a verdict in favor of the defendants. The court indicated to counsel that it was about to give and read to the jury the instruction requested by the defendants, whereupon plaintiff's counsel elected to take an involuntary nonsuit with leave to set the same aside. Thereupon the jury was discharged and the court declared an involuntary nonsuit and duly entered the same of record. To which action and ruling of the court the plaintiff by counsel then and there excepted and still excepts."

The plaintiff thereupon filed a motion to set aside the nonsuit as follows:

"Now comes plaintiff and moves the court to set aside the nonsuit taken by it during the trial of the above-entitled cause on the 29th

day of April, 1924, and to grant it a new trial therein; leave to file this motion having been given by the court at the time of the taking of said nonsuit. And plaintiff alleges as grounds for this motion:

"That the court erred in finding and ruling that plaintiff had not made a prima-facie case against defendants and that under the law and the evidence plaintiff was not entitled to recover against the defendants and in sustaining defendants' demurrer to the evidence at the close of plaintiff's case."

This motion was by the court overruled. To which action plaintiff made timely exceptions and applied for and was granted an appeal to this court. The order granting same is as follows:

"Plaintiff's affidavit for appeal filed, and appeal granted to the Supreme Court of Missouri, from the order of June 23, 1924, overruling plaintiff's motion to set aside involuntary nonsuit."

I. The question at issue, the solution of which will be determinative of this case, is, whether the action of the plaintiff was in the nature of a voluntary or an involuntary nonsuit. If the former the appeal should be dismissed; if the latter the plaintiff is entitled to a review of the case upon the testimony adduced by him in determining whether a cause of action has been established. We are not without well-considered precedents in this matter. For example, in the case of Segall v. Garlichs, 313 Mo. 406, 281 S. W. 693, under a like state of facts to that at bar, this court held that where the record entries showed that an instruction in the nature of a demurrer to the evidence had been offered which the court indicated would be given, under the repeated rulings of this court, a nonsuit to be involuntary must be taken as a result of an adverse ruling actually made. In the Segall case, as at bar, the court did not actually make an adverse ruling, but merely indicated what the ruling would be. Under this state of the facts this court held that the nonsuit, thus taken, was voluntary. Numerous cases are cited in the Segall case (p. 409) in support of this conclusion. A later case announcing the same rule is that of McDonnell v. Peck Dry Goods Co., 228 S. W. (Mo.) 759, and cases.

In McFarland v. O'Reilly, 308 Mo. 322, 272 S. W. 692, under a state of facts and a record as nearly identical with those at bar as one case can be with another, this court held that "it is well settled by many decisions of this court and of the courts of appeals that a nonsuit to be involuntary must be taken as the result of an adverse ruling actually made" (citing cases). In a further consideration of the facts, the court in the McFarland case says (p. 326), in effect, that the record entry merely shows that an instruction was offered and that thereupon the plaintiff took a nonsuit and that the further statement in plaintiff's motion is that the court expressed

189

the opinion that it should be sustained as to the defendant O'Reilly. Under that state of the record it was held the nonsuit was voluntary. A like rule is announced in Gray v. Ward, 234 Mo. 291, 295, 136 S. W. 405.

Furthermore, it is tersely held in Lewis v. Center Crk. Min. Co., 199 Mo. 463, 97 S. W. 938, that the taking of a nonsuit by a plaintiff upon an announcement by the court that it intended to give a demurrer to the evidence, no such instruction in fact being given, is voluntary, from which no appeal lies, and the fact that the plaintiff excepted to the ruling of the trial court in overruling the motion to set aside the nonsuit does not alter the case.

The character of a nonsuit as to whether it is voluntary or involuntary is not to be determined from its designation by the trial court or the plaintiff, but by the manner in which it is invoked to be ascertained by the attendant circumstances. Simply to call a nonsuit involuntary in the record does not make it so. [McFarland v. O'Reilly, supra; Greene Co. Bank v. Gray, 146 Mo. l. c. 571, 48 S. W. 447; Commission Co. v. Thero, 154 Mo. App. l. c. 511, 135 S. W. 961 and cases.]

The record shows conclusively what occurred in this case and the facts thus disclosed bring the plaintiff within the rule announced in the cases discussed and others which have not been cited. We hold, therefore, that the nonsuit taken by the plaintiff was voluntary and as a consequence that this appeal should be dismissed. It is so ordered. All concur.